ATLANTIC COAST LINE RAILROAD Co. v. VIRGINIA MITCHELL RUTLEDGE, *et vir.*

165 So. 563.
En Banc.
Opinion Filed June 20, 1935.
Opinion on Rehearing Filed December 18, 1935.

*W. E. Kay* and *Doggett & Doggett,* for Plaintiff in Error;
*Stockton, Ulmer & Murchison,* for Defendant in Error.

PER CURIAM.—The writ of error here was taken to a judgment awarding damages for the appropriation of, and injury to real estate by unlawfully excavating and constructing and using railroad tracks on the street in front of the property, which reduced the value of the property as security for the mortgage lien on the property. The mortgage covered the fee to the middle of the street, subject. to use for street purposes. The declaration was in three counts. The first count was eliminated. The plea is not guilty. This is not an action of trespass *quare clausum fregit* by the owner for forcible injury to the possession of real estate as in J., T. & K. W. Ry. Co. v. Lockwood, 33 Fla. 573, 15 So. 327, but an action on the case for impairing the value of realty as security for a mortgage loan. See Fla. So. Ry. v. Hill, 40 Fla. 1, 32 So. 566.

An action for trespass *quare clausum fregit* is the proper remedy for any forcible violation of the right of possession of realty. In such action at least nominal damages may be awarded even though the trespass does not injure, but is a benefit to, the plaintiff. Plaintiff is confined to nominal damages where no actual injury is shown in an action for trespass. 96 C. J. 966, 1036.

"An action on the case lies to recover damages for torts not committed with force, actual or implied; or having been occasioned by force, where the matter affected was not tangible, or the injury was not immediate but consequential; or where the interest in the property was only in reversion— in all of which cases trespass is not sustainable." 11 C. J. 4. See Bucki v. Cone, 25 Fla. 1, 6 So. 160.

A mortgagee who is not entitled to possession, may have an action on the case for damages resulting from wrongful injury to the mortgaged property, whereby the property is rendered of less value as security for the mortgage debt; the damages to be awarded being the amount of injury resulting from the damage to the property. See 2 Jones on Mortgages, Secs. 858-9.

The second count of the declaration alleges that when the acts complained of were committed, the plaintiff was the owner and holder of a first mortgage lien upon described real estate; "that * * * the defendant unlawfully and without the consent of the plaintiff, and without making compensation to the plaintiff of any kind, broke and entered upon said public road and highway, immediately in front of said land, and diverted the same from its proper highway purposes and impeded and obstructed the same by excavating said street and laying down wooden ties and iron rails thereon," etc.; * * * that by reason of the unlawful and unauthorized acts of the defendant as above set forth, it is impossible to reach said property without passing over said railroad tracks; * * * that by reason of the unlawful acts of the defendant as hereinabove set forth, the plaintiff's security became generally depreciated in value and the rental value thereof was greatly reduced and the said property so held by plaintiff as security aforesaid has been rendered practically worthless; * * * that the plaintiff, by reason of the unlawful and unauthorized acts of the defendant as above set forth, has sustained an individual and peculiar injury, differing, in kind and degree from that sustained by the public generally."

The third count adopts the second count by reference and alleges: "that the value of said land and security was further reduced by reason of the fact that in making the ex-

cavations for the construction of said railroad tracks, the defendant unlawfully, negligently and carelessly excavated the earth so close to the wall of the building on said land abutting upon said street that the support for the foundation of said wall was undermined, and the lateral support therefore afforded by the earth removed by the defendant, was taken away, and thereby the foundation for said wall was so weakened as to render said building unfit for use and occupancy."

One railroad track was put down the center of the street and another side track was laid on the street very near the wall of the building on the abutting lot covered by the plaintiff's mortgage.

The allegations that the defendant "broke and entered upon said public road and highway immediately in front of said land, and diverted the same from its proper highway purposes and impaired and obstructed the same by excavating," do not make the action one for *trespass*. The allegations of each count severally as an entirety, setting up all the acts complained of and their consequences, show a claim for consequential damages arising not directly from a violation of the owner mortgagor's right of possession, but indirectly from consequential damages to the mortgaged property which impaired the security of the plaintiff mortgagee, therefore the action is not for trespass, but is *an action on the case* for consequential damages to the mortgagee's security resulting from injury to the mortgaged property as set out in the declaration.

The declaration does not allege that the mortgagor was the owner of the mortgaged property, but the declaration does allege "that said mortgage was given by one, Louis Bucholtz, joined by his wife" for $15,000.00, and that the mortgage was foreclosed; that the property was sold for

$5,000.00, and "that a deficiency decree was duly entered against the said Louis Bucholtz, the only party liable therefor, but that said Louis Bucholtz is insolvent and said deficiency decree is utterly worthless."

There is no plea that the plaintiff's mortgage lien is in any way invalid.

This is not a condemnation proceeding under Section 29, Article XVI, of the State Constitution, to acquire a right of way for railroad tracks upon making just compensation; but it is an action on the case to recover damages for an unlawful placing of railroad tracks on a street abutting on a city lot on which a brick building exists and for injury to the walls of the building by negligent excavations, which placing of tracks and the use thereof and the injury to the walls of the buildings by excavations impair the security of a mortgage lien on the property.

The measure of damages that may be awarded is the difference in the value of the property just before and since the tort was committed, insofar as the value of the property is shown to have been decreased by the placing and use of the railroad tracks by the defendant and by excavations which injure the walls of the building, as alleged in the declaration. See Seaboard All-Fla. Ry. Co. v. Leavitt, 105 Fla. 600, 141 So. 886.

The declaration in effect alleges that by reason of the unlawful acts of defendant as stated therein, the plaintiff's security became generally depreciated in value and that the property so held by plaintiff as security has been rendered practically worthless.

The plea of not guilty is a denial of the wrongful acts alleged. If the wrongful acts and resulting damage to the value of the property are proven as alleged, appropriate damages may be awarded for depreciation of the value of

the security, measured by the difference in the value of the property before and since the unlawful excavations and laying and use of the railroad tracks in the street immediately in front of the building on the mortgaged property, if, and to the extent that, such unlawful acts depreciated the value of the property as security for the plaintiff's mortgage loan on the property.

The plaintiff had no right to complain of any unlawful acts in relation to the property or to the effect of such unlawful acts, except as such acts unlawfully appropriate or depreciate the value of the property so as to be an injury to plaintiff's rights as mortgagee.

The action here is not for consequential damages to abutting property resulting from a duly authorized change in the grade of, or work upon, a street *for street purposes,* where there was no physical invasion of abutting property or negligence in the work done on the street as in Dorman v. City of Jacksonville, 13 Fla. 538, 7 Am. Rep. 253; Selden v. City of Jacksonville, 28 Fla. 558, 10 So. 457, 29 Am. St. Rep. 228, 14 L. R. A. 370; Bowden v. City of Jacksonville, 52 Fla. 216, 42 So. 394; Crum v. Sumter County, 68 Fla. 122, 66 So. 723.

In Gonzales v. City of Pensacola, 65 Fla. 241, 61 So. 503, Ann. Cas. 1915 C. P. 1290, it was alleged that the city negligently injured abutting property in grading a street, In this case negligence is charged in making excavations in the street to lay a railroad side track resulting in injury to the foundation of a building on the abutting lot, in addition to charges of damage to the value of the property by the construction and use of railroad tracks in the street, thereby reducing the value of plaintiff's security for a mortgage loan on the property.

The evidence indicates that the property has a brick

building on it which at the time was unoccupied and not in good condition and not of sufficient value to fully secure the mortgage debt when the alleged unlawful excavation and construction of the railroad tracks was done.; and there is evidence that the excavation, construction and use of the railroad tracks in the street in front of the mortgaged property have reduced the value of the property and to that extent impaired the mortgage security of the plaintiff mortgagee.

But the evidence should be considered as confined to an ascertainment·of the value of the property immediately before the railroad tracks were laid in the street opposite the property and ·the extent to which the alleged unlawful acts appropriated or depreciated the value of the property as seucrity of the mortgage debt.

This is an action to recover damages for acts of the defendant alleged to have unlawfully caused a taking and a depreciation of the value of property so as to impair the value of a mortgage lien on the property given to secure ·a loan; and even if the acts complained of have made the property unsuited for its former uses, the plaintiff as mortgagee is injured only as the value of the property as security for the mortgage debt has been thereby impaired.

If the construction and use of the railroad tracks on the street so near to the mortgaged property as to obstruct ingress and egress has in fact directly enhanced the value of the property as security for the mortgage debt, no such issue is made in the pleadings.

The declaration alleges *an unlawful* injury to the property that impairs the value of plaintiff's mortgage lien; and the plea of not guilty is a denial of the wrongful acts alleged. There is no plea that defendant lawfully added to the value of the mortgaged property.

Plaintiff has the burden of proving the acts as alleged and the damages caused by such acts. Defendant may adduce evidence to show the alleged acts were lawfully done, or that the acts alleged did not so injure the property as to impair the plaintiff's mortgage security.

Any competent evidence tending to show that defendant appropriated or damaged the property as alleged which directly reduces the value of the mortgaged property and thereby impairs plaintff's mortgage security, may be adduced to show the amount of plaintiff's injury. Here the action being not for compensation for property or right of way appropriated to the use of a corporation in condemnation proceedings under Section 29, Article XVI, of the Constitution, but an action on the case for a taking and damage to property which impairs plaintiff's mortgage security, and under the issues made, the defendant cannot in this action by the mortgagee show any benefit that may indirectly or consequentially inure to the benefit of the property from the unlawful acts complained of.

The damages awarded appear to be excessive.

Reversed for a new trial.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

### ON PETITION FOR REHEARING.

ELLIS, P. J.—In 1928 Louis Bucholtz owned Lot 6 in Block 15 of Jacksonville Terminal Company's Subdivision in the City of Jacksonville. The lot is located on the north side of Houston Street and fronts one hundred and five feet on that street. Houston Street runs east and west. A two-story brick building was erected on the lot and occupies the complete width of the lot, with the front wall on the street line. Immediately west of that lot lies lot number 5, upon

which prior to the year 1930 a building was constructed for the Goodyear Tire Company. That lot is on the corner of Houston Street and Myrtle Avenue which runs north and south at right angles to Houston Street.

Bucholtz executed a mortgage upon lot six to secure a debt of fifteen thousand dollars, which mortgage was afterwards acquired by Mrs. Virginia Mitchell Rutledge.

The Atlantic Coast Line Railroad Company, about the year 1930, laid down two railroad tracks along Houston Street in front of the Bucholtz lot.

The mortgage indebtedness was not paid, so in the year 1932 Mrs. Rutledge, having begun foreclosure proceedings to enforce the collection of that debt, obtained a decree of foreclosure and sale of the lot and building erected upon it. The property brought only five thousand dollars at the foreclosure sale, and, after applying the proceeds of the sale to the principal and interest of the mortgage debt, there remained in March, 1932, a balance due upon the indebtedness of twelve thousand nine hundred and seventy-six dollars and twenty-one cents, from which Mrs. Rutledge obtained a deficiency decree against Bucholtz, who is insolvent and the decree is worthless.

Thereupon in July, 1932, Mrs. Rutledge brought her action on the case against the Atlantic Coast Line Railroad Company for damages for wrongful injury to the mortgaged property resulting in depreciating the value of her mortgage security. The case was tried on the plea of not guilty. There was a verdict for the plaintiff in the sum of six thousand nine hundred and twenty dollars, and judgment was entered for that sum.

Approximately two and a half months afterwards the Railroad Company took a writ of error to the judgment. This Court reversed the judgment in June of this year.

See Atlantic Coast Line Railroad Company v. Virginia Rutledge, decided June 20, 1935. The Court held that the plaintiff had the burden of proving the damages caused by the acts alleged, which were that the Railroad Company laid two railroad tracks upon Houston Street in front of the property, and by using the same for the passage of railroad trains, cars and locomotives rendered the property unfit and unsafe for public use. It was also alleged that the Railroad Company excavated the earth in front of the building which was located on the mortgaged lot, lowered the grade of the street several feet lower than the former grade; that one of the railroad tracks is constructed entirely upon the half of Houston Street immediately adjoining and abutting the mortgaged land, and the other track is constructed partially upon that half of the street adjoining and abutting upon the mortgaged land. It was alleged that such act of the Railroad Company was unlawful and without the plaintiff's consent.

The Court in its opinion said:

"Any competent evidence tending to show that defendant appropriated or damaged the property as alleged which directly reduces the value of the mortgaged property and thereby impairs plaintiff's mortgage security, may be adduced to show the amount of plaintiff's injury. Here the action being not for compensation for property or right of way appropriated to the use of a corporation in condemnation proceedings under Section 29, Article XVI, of the Constitution, but an action on the case for taking and damage to property which impairs plaintiff's mortgage security, and under the issues made, the defendant cannot in this action by the mortgagee show any benefit that may indirectly or consequentially inure to the benefit of the property from the unlawful acts complained of.

"The damages awarded appear to be excessive."

A rehearing was granted upon the petition of the defendant in error.

In the former opinion the Court said on the subject of damages which might be recovered in the case that the "difference in the value of the property just before and since the tort was committed, insofar as the value of the property is shown to have been decreased by the placing and use of the railroad tracks by the defendant and by excavations which injure the walls of the building" was the measure by which the plaintiff's alleged injury to her security may be compensated.

The Court also said upon that subject that "The plaintiff had no right to complain of any unlawful acts in relation to the property or to the effect of such unlawful acts, except as such acts unlawfully appropriate or depreciate the value of the property so as to be an injury to plaintiff's rights as mortgagee."

The controversy upon the rehearing related to the matter of damages for whch the plaintiff obtained judgment and which this Court said in its opinion and judgment were execssive.

Counsel for the defendant in error state in the petition for a rehearing that the point was not argued to the Court. That statement cannot be sustained by reference to the record and the briefs submitted by counsel for the plaintiff in error.

In fact, many of the assignments of error raised the question as to the propriety of certain of the plaintiff's evidence relating to the estimated value of the property before and after the alleged tort, and the brief of counsel which was very full and a bit lengthy discussed the matter thoroughly.

An examination of the record, which consists largely of evidence relating to the alleged damages sustained, reveals that the damages allowed by the jury apparently rested upon a basis into which elements were injected which had no relation to the true measure by which such damages should have been estimated. Some of them were the removal of the dirt in the street by the Railroad Company in putting down the tracks; the lowering of the street grade in that work; the payment of no compensation by the defendant Company to Mrs. Rutledge, the mortgagee, for the use of the street by the defendant; the amount of the deficiency decree held by Mrs. Rutledge against Mr. Bucholtz, and the payment of nothing on that account by him. Those matters had no relation to the question of damages which should have been estimated by a consideration of the difference in the value of the plaintiff's security before and after the laying down of the tracks by the defendant Company, which as the former opinion points out should have been arrived at by considering the "difference in the value of the property just before and since the tort was committed."

Evidence offered in relation to that inquiry was rejected by the Court. It follows, it seems to the Court, that if the value of the mortgage security increased after the alleged tort so that the plaintiff had a better security after the tort than she had before it was committed, then the entire basis of her claim was without reality in substance. As her claim rested upon no injury to the possession or occupancy of the property except insofar as that circumstances depreciated the value of the property's value after the alleged tort in comparison with its value at the time immediately antedating the same.

This was not an action of *quare clausum fregit* as the former opinion clearly stated. Indeed the plaintiff, Mrs.

Rutledge, could not have maintained such an action. The measure of damages in such actions therefore should not have been applied.

The petition for rehearing contains the criticism that the Court "inadvertently, and without mentioning it, overruled the case of *Doty v. City of Jacksonville,* 106 Fla. 1, 142 So. 599." That criticism was based upon the assumption that the same rule for estimating the plaintiff's damages in that case should have been applied in the case at bar.

The Doty case was a condemnation proceeding. The Court said: "The value of the land taken, and in that connection the uses to which it was, or might reasonably be, applied, and the damages, if any, to the defendant's adjacent remaining lands, are elements to be considered, and with respect to which it is both permissible and proper that testimony may be introduced." The opinion dealt largely with the matter of view of the premises by the jury and its purpose as enabling the jury to evaluate and interpret the testimony of the witnesses on the question of value, outside of which the jury should not go and base their verdict upon their individual opinions which they may have formed from a view of the premises, exclusive of a consideration of the testimony of the witnesses.

The doctrine announced in the Doty case, *supra,* has in no wise been overruled or modified by the former decision or opinion in this case.

The case of Seaboard All-Florida Ry. v. Leavitt, 105 Fla. 600, 141 South. Rep. 886, has no bearing upon this case. In the Leavitt case this Court held that a mortgagee who was not a party to condemnation proceedings could maintain a suit to enforce her mortgage, make the railroad a party, and include the condemned right of way. But even in that case the Court said, speaking through Mr. Justice

BROWN, "The mortgagee is only entitled to compensation from the railway company to the extent of the impairment of the security afforded by the lien by reason of the appropriation by the railway company of that portion of the mortgaged property comprised within .the right of way strip, as of· the date of such appropriation."

In view of the former opinion of this Court, which holds that the declaration merely stated a case of trespass on the case for indirect injury to the plaintiff's security, much of the argument in the briefs becomes irrelevant and the question is narrowed. to a consideration of the rule which should be applied in estimating the damages to which the plaintiff, Mrs. Rutledge was entitled, if any.

Upon that point the testimony of witnesses should be confined to the estimated value of the security as determined by the estimated value of the land mortgaged immediately before the tracks of the defendant Company were laid and the value of the security afterwards as determined by the value of the land as it existed afterwards as the same was affected by the Railroad Company's action in putting down the track. The value of the deficiency judgment is to be considered only as it affects the ability of the mortgagor to reduce the amount of the alleged damages. See Knoll v. Ry. Co., 121 Pa. St., 467, 15 Atl. Rep. 571, 1 L. R. A. 366, cited in Seaboard All-Florida Ry. v. Leavitt, *supra*.

It is apparent that the jury under the trial court's direction misapplied the rule for ascertaining the damage alleged by the plaintiff ·to her security by reason of the Railroad Company's act in laying down the track. We do not agree with counsel for the plaintiff below in the application for a rehearing that the rule for ascertaining such damage is the same as that applicable in condemnation proceedings.

The inquiry should have been confined to the value of

the land immediately before the tracks were laid, and its value after the tracks were laid as such depreciated value was affected solely by such acts. To that end the court should have heard witnesses who might have given their view that the property value was increased by such act and not permitted estimated values based upon elements not related to the identical property as a guide for arriving at the correct value of the property mortgaged either before or after the act of which the plaintiff complains.

The judgment of the Court as heretofore rendered is approved. The cause should be tried again and the question of damages determined as well as may be by conforming to the rule herein announced.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.