**ALLSTATE FINANCE CORPORATION and LeRoy Collins, Governor of the State of Florida, for the Use and Benefit of ALLSTATE FINANCE CORPORATION, Appellants,**

v.

**Irving ZIMMERMAN et al., Appellees.**

**No. 17774.**

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1959.

Melvin T. Boyd, T. J. Blackwell and Blackwell, Walker & Gray, Miami, Fla., for appellants.

Milton M. Ferrell, Martin Lemlich, Miami, Fla., for appellees.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

 This appeal from an order [1] dismissing plaintiff's suit, without leave to amend, presents the single question whether it presented a recoverable claim.

This is the record: Alleging that the defendants, by the trespasses and other acts set forth in its Second Amended

1. "This cause came on to be heard upon the third motion of the defendants, William W. Thompson, Thomas J. Kelly and Metropolitan Casualty Insurance Company of New York, a New York corporation, to dismiss the complaint, and also upon the motion of the defendant, Irving Zimmerman, to dismiss said complaint.

Complaint, had damaged the property described in the complaint; that at the time of such trespasses and damage plaintiff was the holder of a mortgage on the property; and that later, through a foreclosure sale it had become the owner of, and entitled to the possession of the property, plaintiff sued for $35,000 compensatory and punitive damages.

The defendants moved to dismiss on the grounds in effect: that the complaint showed on its face that at the time the cause of action sued on arose, plaintiff had no title to the property and no right to its possession, and, therefore, had no right to, or interest in, the cause of action it sought to assert; and that, if a cause of action against defendants arose out of the acts alleged, it accrued not to plaintiff, the mortgagee out of possession, but to the mortgagors, and plaintiff does not allege or claim that the mortgagors at any time or in any way assigned this cause of action to it.

In addition, defendants alleged in effect that at the foreclosure sale the plaintiff, by bidding for the property the full amount of the mortgage and crediting the judgment and mortgage as fully paid, had been paid in full the amount of the mortgage debt and the only parties who had the necessary interest to maintain the action would be the mortgagors.

■ These motions coming on to be heard, the district judge, treating the

motions as for summary judgment,[2] on Feb. 18, 1959, entered the order appealed from. On Feb. 26, 1959, appellant filed a motion styled "Motion to Settle Order", in which it was alleged that the recital of sub-paragraph (c) of the order of dismissal, "There was a foreclosure sale had in the State Court on Dec. 4, 1957, at which sale the plaintiff, Allstate Finance Corporation, received payment in full for the indebtedness secured by the said mortgage." is not a statement of fact but merely a conclusion; and that "the attorneys of record have never made such a statement to the court or to anyone else, and in truth and in fact the plaintiff has always made the representation that it merely bid in the property at the time of the sale and received not one penny of payment from any person or corporation."

On March 6, 1959, the defendants filed their response to this motion, asserting: that at the hearing the district judge was advised that plaintiff had bid the property in for the full amount of the debt; that the decree in the State Court foreclosure and the certificate of sale issued by the Clerk were read to the district judge; and that they fully support his finding and conclusion that plaintiff had received payment in full of its mortgage debt, and is without right to sue.

On March 16, 1959, the plaintiff, abandoning its motion to settle judgment, ap-

---

At the hearing before the court on said motions, at which all parties were represented by counsel, the following admissions were made by the attorneys of record representing all parties:

"(a) The plaintiff, Allstate Finance Corporation, being the real party in interest as plaintiff, was the owner and holder of a mortgage lien on real and personal property in Dade County, Florida, securing an indebtedness.

"(b) Said mortgagee plaintiff sues for damage to the mortgaged property charged to have been damaged by the defendants on August 15, 1957.

"(c) There was a foreclosure sale had in the State Court on December 4, 1957, at which sale the plaintiff, Allstate Finance Corporation, received payment in full for the indebtedness secured by the said mortgage.

"The Court is of the opinion and finds that the mortgagee plaintiff could not have suffered any damage as charged in that subsequent to the date the defendants were charged to have damaged the mortgaged property, said mortgaged property sold for a sufficient amount at the foreclosure sale to satisfy the mortgage indebtedness in full. It is, therefore,

"Ordered, Adjudged and Decreed that the complaint in this cause and the counterclaim of Irving Zimmerman be, and each is hereby dismissed without leave to amend."

**2.** Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A.; Ryan v. Scoggin, 10 Cir., 245 F.2d 54, at page 57; Glenn v. Southern California Edison Co., 9 Cir., 187 F.2d 318; Herron v. Herron, 5 Cir., 255 F.2d 589, 592.

pealed and is here urging: that there was no basis for the court's finding that the purchase of the property at the mortgage sale for the amount of the mortgage debt and judgment had satisfied them; and that the motion to dismiss was therefore without sound basis; and the judgment should be reversed.

The appellees, first moving to dismiss the appeal on the ground that the Motion to Settle the Order had deprived the dismissal order of finality, and, later, in open court, abandoning their motion, urge upon us that the district judge was right both because, under the law as it is settled in Florida and generally elsewhere, plaintiff had no right to maintain the action it brought for damages to the property,[3] and because if it ever had an action for damages to its security, the satisfaction of its mortgage had extinguished it.

We are of the clear opinion that appellees are right. It is settled in the law of Florida, indeed appellant on argument conceded that, since plaintiff was without title to, or possession of, the land at the time of the claimed trespasses, no action for the damage it seeks had then accrued to it. Its claim is that, under the doctrine of relation back, its acquisition in the foreclosure suit of title to the land in some way gave it title to the mortgagors' cause of action.

▮▮▮ It is Hornbook law that the doctrine of relation back applies only to the title acquired by the purchaser at the foreclosure sale and means only that it relates back to the giving of the mortgage, and that the purchaser takes the mortgagors' title to the property free from all claims to it which arose subsequent to the execution of the mortgage. Neither this doctrine, therefore, nor that of lis pendens, which merely gives notice of a pending suit, bears in any way on the question for decision here or will at all avail appellant.

▮▮▮ If plaintiff before the foreclosure sale, or afterwards if the debt had not been satisfied thereby, had brought a suit alleging *that its security was diminished and it had sought recovery of the damage, not to the property but to its security,* in Florida and generally elsewhere, it would certainly have stated a claim.[4] It did not, however, do this. Instead, without a showing that the mortgagors' cause of action for damage to the property had been assigned to it, it undertook to assert that cause of action as its own, and this it could not do.

If, before satisfaction of the mortgage by purchase at the foreclosure sale, plaintiff had alleged a cause of action arising to it as mortgagee at the time of the trespasses as a result of the diminution of its security, as it could have done, Atlantic Coast Line R. Co. v. Rutledge, 122 Fla. 154, 165 So. 563, and the other authorities cited in note 4, supra, the action would not have been, as it was in this suit, for the diminution in value of the property. It would have been for, and its damages would have been limited to, damages measured by the impairment of its ability to collect its debt. In short, while the matters complained of in this suit would, if established, have given the mortgagors a right to recover the damages claimed, they would not have given the mortgagee this right. This is because it is not alleged, as, in Florida and generally elsewhere, it would have to be, that the actions complained of damaged the mortgage security for the debt, and particularly because plaintiff, having bid the full amount of the debt at the mortgage sale, thereby satisfied its debt. See authorities in note 4, supra.

The district judge was right, therefore, in holding that, under the admitted

---

**3.** Okaloosa County Gas District v. Enzor, Fla.App., 101 So.2d 406; Vincent v. Hines, 79 Fla. 564, 84 So. 614.

**4.** Atlantic Coast Line R. Co. v. Rutledge, 165 So. 563; 59 C.J.S. Mortgages § 338, pp. 465, 466, et seq., Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385, at page 389, and the many cases cited in the notes; American National Ins. Co. v. City of Port Arthur, Tex.Civ.App., 62 S.W.2d 256, 257; Edmondson v. Carroll, Tex. Civ.App., 28 S.W.2d 250, 251.

facts, plaintiff had, and could have, no right of action, and in dismissing the action without leave to amend.

In 59 C.J.S. Mortgages note 4 supra, there is to be found a full and careful statement, supported by a wealth of authorities, of the general principles controlling here. Perhaps the best statement of the law controlling the precise situation this case presents is that in Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. at page 515, 165 So. at page 767, 109 A.L.R. at page 389, as follows:

"When damage occurs before foreclosure, the right of action by the mortgagee whatever it may be, or the nature of the action, is only for the recovery of an amount not exceeding the mortgage debt. The right of action is collateral to the debt, and as security for it. The mortgagee may pursue any course he pleases to collect the debt, whether it be a suit for a personal judgment against the debtor, or for damages against one who has wrongfully converted the mortgaged property, or otherwise destroyed his rights in it, or for a foreclosure.

"And he may do them all at the same time. But when he once collects his debt, by any one of those proceedings, or by a voluntary payment of it, he cannot pursue any other remedy. They are all but means to accomplish one purpose, and when that is accomplished, all the remedies, not used in so doing, are terminated.

"When the alleged damages to the land occurred, plaintiff Suther had only a mortgage to secure a debt. The complaint shows that the debt was paid before this suit was begun. If she recovers, she collects her debt twice. The right to sue before foreclosure is in the category as would be a claim for an insurance loss occurring before foreclosure. We have held that such a claim by a mortgagee ceases when foreclosure thereafter occurring, the property is sold

for enough to satisfy the debt, though the mortgagee becomes the purchaser. Aetna Ins. Co. v. Baldwin County B. & L. Assn., 231 Ala. 102, 163 So. 604.

"Construing the complaint, as we must, to mean that the mortgage debt was satisfied by the foreclosure, and left no deficiency, it shows that plaintiff Suther had no right to join in this action."

The judgment was right. It is affirmed.