## ALLSTATE FINANCE CORPORATION et al., Appellants,

v.

## Irving ZIMMERMAN et al., Appellees.

### No. 18911.

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1961.

Melvin T. Boyd, T. J. Blackwell, Blackwell, Walker & Gray, Miami, Fla., for appellants.

Martin Lemlich, Darrey A. Davis, Clyde Trammell, Jr., Asst. County Atty., Miami, Fla., for appellees.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from an order of the District Court granting a motion for summary judgment filed by the defendants and dismissing the complaint with prejudice. The questions are two-fold. (1) May a District Court sustain a motion for summary judgment after another Judge of the same court has denied a motion for summary judgment filed on behalf of the same parties, and (2) is the order of dismissal sustainable either on the ground that our earlier decision in Allstate Finance Corp. v. Zimmerman et al., 5 Cir., 272 F.2d 323 made the matter res judicata or on the grounds that there was no substantial issue of fact to warrant a trial on the merits.

The complaint in this case alleged that the plaintiff was "the assignee of all right, title and interest, legal and equitable which 'Minuteman Automatic Car Wash, Inc.' owned in certain described real and personal property"; that while the owner was in possession of the described property, defendant, Sheriff Kelly, pursuant to a tax warrant in the sum of approximately $34.00, negligently caused a levy to be made upon certain real property of the owner, which was not "covered by the tax warrant" and which was excessive in that the property levied on was of the value in excess of $22,500.00; that thereafter the Sheriff caused the said property to be sold at a tax sale at which the defendant, Zimmerman, became the purchaser for the sum of $34.00; that the Sheriff permitted Zimmerman to secure entrance to the building by physically breaking into the same without unlocking the doors; that Zimmerman committed a trespass by doing so and that he unlawfully removed

from the building real and personal property of great value. Defendant Thompson is joined as the Deputy Sheriff who actually authorized the entering of the premises during the scope of his employment. The insurance company was joined as surety on defendant Kelly's bond. The complaint asserts compensatory and punitive damages totaling $35,000.00.

Appellant, the plaintiff below, at all times material to the action was the owner of a first mortgage on the real property described in the complaint. It foreclosed its mortgage and upon a foreclosure sale it bid in the property for the full amount of the mortgage. Thereafter, appellant in this case filed a suit alleging substantially the above facts except that it was not then an assignee of the mortgagors and therefore did not allege, as it does here, that it sued as such assignee. It alleged merely that at the time of the trespass and damage, it was the holder of the mortgage on the property, that it later through the foreclosure sale became the owner of, and entitled to the possession of, the property. It sued for the recovery of the $35,000 damages. The trial court dismissed that suit for failure to allege facts on which relief could be granted. On appeal to this court, we affirmed the judgment. Allstate Finance Corporation v. Zimmerman, 5th Cir., 272 F.2d 323. We there held that the mortgage holder had no cause of action of its own because of any diminution of the value of its security because as a matter of law it had satisfied the mortgage by bidding the full amount of the debt at the foreclosure sale. In the opinion we said:

"Without a showing that the mortgagor's cause of action for damage to the property had been assigned to it, it undertook to assert that cause of action as its own, and this it could not do." Page 325.

Thereafter, it is alleged that Allstate obtained from the original mortgagor an assignment to whatever cause of action the original owner had arising out of the alleged illegal conduct of the defendants. It then filed the present suit, asserting that it now proceeded as the assignee of the original owner.

The defendants filed a motion for summary judgment, asserting as the principal ground for the motion that the matter was res judicata by virtue of the previous judgment of dismissal. The trial court entered an order overruling the motions for summary judgment. The order also appears to have overruled "all the defendants' motions to dismiss." No such motions or orders are included in the record before us. The trial court's order further provided "that the defendants should have fifteen days from the date of this order within which time to file their answer." This order was dated October 17, 1960.

Thereafter, on December 8, 1960, defendants filed additional motions for summary judgment asserting that "the pleadings and attached affidavits show that there is no genuine issue of any material fact or law." The record before us does not include any answer filed by the defendants. This motion was brought to a hearing before a visiting judge after counter-affidavits had been filed by the plaintiff. Thereafter, on January 3, 1961, the visiting trial judge entered an order granting the motions for summary judgment and dismissing the complaint with prejudice.[1]

1. The entire order is as follows:

"This cause coming on to be heard upon the motions for summary judgment filed herein by the defendants in the above cause and the Court having heard argument of counsel for all parties on the questions involved and the Court having familiarized itself with the case between the same parties heretofore passed upon in the reported case of the Allstate Finance Corporation v. Zimmerman et al. [5 Cir.], 272 Fed.2d 323, and being otherwise informed in the premises, it is,

"Considered, Ordered And Adjudged that the motions for summary judgment of the defendants be, and the same here-

Appellant here argues, mistakenly we think, that the second Judge [2] did not have the power to enter a motion for summary judgment after another Judge of the same Court had previously denied such a motion. Appellant equates such an order to one which overrules or modifies a previous decision by a court which has become "the law of the case." It is undisputed on the record before us that when Judge Lieb originally denied the motion for summary judgment he did not have before him the affidavits which were attached to or submitted in support of the second motion. Therefore, what Judge Martin, the second Judge, passed upon was not the same question as that which was decided by Judge Lieb.

While we certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised, we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature. See discussion in Volume VI of Moore's Federal Practice, P. 2099, dealing with renewal of motion for summary judgment. We conclude that Judge Martin was not without power to enter the judgment.

We next come to the question of whether the order of dismissal can be supported on the record as it stood at the time of the second hearing. We conclude that the entry of the order granting summary judgment and dismissing the complaint was erroneous. In the first place, it should be made clear that, although appellees raised the defense of res judicata in their first motions for summary judgment, they do not now urge that our prior decision would warrant a dismissal of the present suit as res judicata. They urge only that this is a classical summary judgment matter, in that, so they claim, there is no substantial issue of fact remaining to be tried on the merits and on the undisputed facts defendants are entitled to a judgment.

The appellees first take the position that since the assignment on which appellant bases its claim was made after the assignor corporation had been dissolved and since the Florida statutes provide that actions such as the giving of an assignment can be done only by the "directors of the corporation at the time of dissolution or expiration" and since it did not appear on the face of the assignment that Sweet and Robinson, who signed it as "President and Secretary of Minuteman Automatic Car Wash, Inc." and who also signed individually were the directors at the time of dissolution, the assignment showed on its face that appellant was not entitled to recover. This proposition is entirely untenable. It does not appear that Sweet and Robinson were *not* such directors as required to act for the corporation by the Florida statutes. The motion for summary judgment was supported by no affidavit stating that they were not such directors. In view of the allegations in the complaint that the plaintiff was "assignee" of the cause of action, this issue could not be disposed of by motion for summary judgment short of an affidavit challenging the facts on which such allegation could properly be based, unanswered by any counter-affidavit by the plaintiffs.

by are granted, and plaintiffs' complaint against said defendants is hereby dismissed with prejudice.

"Done And Ordered at Miami, Dade County, Florida, this 3 day of January, 1961.

"/s/ John D. Martin
"United States Circuit Judge"

2. The fact that the Judge acting on the second occasion was a visiting Judge is, of course, entirely irrelevant. When a Judge from another Circuit is assigned according to law to sit as a District Judge in one of the District Courts of the United States, his duties and obligations, his powers and his responsibilities must necessarily be identical with those of any other Judge of the District.

Further argument is made by appellants that an affidavit containing a statement by Sweet and Robinson that they knew of the levy which is now attacked as illegal and they did not consider that they had been damaged by it and containing a statement purporting to relieve the Sheriff of Dade County from all responsibility in connection with his carrying out of the levy. This argument is equally unavailing. The appellees themselves tendered in support of their motion for summary judgment the assignment signed by Sweet and Robinson. An affidavit later furnished by these same two persons which sought to exculpate the officials could not change whatever obligations had been incurred by the defendant officials to the owners and by them assigned to the appellant before they sought to declare that they knew of no liability existing in their favor.

Moreover, the purported release of the Sheriff bears no date. Nor is the original or a sworn copy attached to the affidavit as is required under the rule. See Rule 56(e) F.R.Civ.P., 28 U.S.C.A. We also consider that it is of some considerable significance that the answer that was required to be filed by Judge Lieb's order of October 17, 1960 was either not filed or is not contained in the record before us. Without knowing which allegations of the complaint were admitted and which ones were disputed by the answer we are unable to determine to what extent there still remained disputed issues of fact.

We feel that this case in the posture in which it reaches us fits well within the decision of this court in Chapman v. Hawthorne Flying Service, 5 Cir., 287 F. 2d 539, 541, in which we quoted the following from the Supreme Court decision in Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347:

"We consider it the part of good judicial administration to withhold decision of the ultimate questions involved in this case until this or another record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts. While we might be able, on the present record, to reach a conclusion that would decide the case, it might well be found later to be lacking in the thoroughness that should precede judgment of this importance and which it is the purpose of the judicial process to provide."

We say as we did in the Chapman case:

"Without intimating any conclusions on the merits, and, as stated previously, without implying that the plaintiff's proof as it now stands would warrant submission to a jury, we nevertheless conclude that it is the part of good judicial administration for the facts in this case to be more fully developed before the trial court determines that there is truly no genuine issue as to any material fact. Rule 56, Federal Rules Civil Procedure, 28 U.S.C.A."

The judgment is reversed for further proceedings not inconsistent with this opinion.