BASKIN, Judge.
European American Bank [EAB] appeals a final summary judgment denying its claims for damages. We affirm in part and reverse in part.
*972 Dupont Building Associates [Dupont] purchased the Alfred I. Dupont building. The acquisition was financed by Chase Manhattan Bank, which later assigned the note and mortgage to EAB. EAB instituted foreclosure proceedings and, in addition, asserted claims of waste, fraud in the inducement, and breach of an oral agreement. EAB obtained a summary judgment on the foreclosure count and bought the property at the judicial sale. When Dupont obtained a summary judgment on the remaining counts, EAB filed this appeal.
The only meritorious issue raised on appeal is whether a cause of action existed for Dupont’s alleged conduct resulting in waste. EAB correctly asserts that
[a] mortgagee ... may have an action on the case for damages resulting from wrongful injury to the mortgaged property, whereby the property is rendered of less value as security for the mortgage debt; the damages to be awarded being the amount of injury to the security resulting from the damage to the property.
Atlantic Coast Line R. Co. v. Rutledge, 122 Fla. 154, 157, 165 So. 563, 564 (Fla.1935). Dupont’s argument that the mortgage restricted EAB to the remedy of foreclosure in the event of waste is devoid of any citations to the record, and the mortgage instrument does not provide that foreclosure is the exclusive remedy. The record reveals the existence of a genuine issue of material fact as to whether Du-pont’s actions depleted the value of EAB’s security; thus, the trial court erred in granting Dupont a summary judgment on the waste count.[1] Moore v. Morris, 475 So.2d 666 (Fla.1985).
We find no merit in the cross-appeal, which seeks to set aside the foreclosure sale. In an action for waste, “[t]he measure of damages that may be awarded is the difference in the value of the property just before and since the tort was committed." Atlantic Coast Line, 122 Fla. at 159, 165 So. at 565 (emphasis supplied). The foreclosure sale does not affect the determination of damages on the issue of waste; setting it aside would serve no purpose.
We affirm the judgment of foreclosure, reverse as to the claim predicated on waste, and remand for further proceedings consistent with this opinion.
Affirmed in part; reversed in part; remanded.

. On remand, the waste issue should be tried in accordance with the contractual standards of the mortgage documents,