HUBBART, Judge.
By this appeal we are asked to review the propriety of an order granting a motion to dismiss a declaratory judgment action filed in the Circuit Court for the Eleventh Judicial Circuit of Florida. We affirm the order appealed from with two modifications: (1) the dismissal herein, to the extent that it was made with prejudice, is stricken; and (2) the order declaring the rights of the parties is stricken. In our view, the complaint as presently framed fails to establish a bona fide, actual, present, practical need for a declaration of the rights of the parties under Chapter 86, Florida Statutes (1977), as interpreted in May v. Holley, 59 So.2d 636, 639 (Fla.1952).
The plaintiff Allstate Insurance Company filed this declaratory decree action seeking a declaration of rights as to (1) its duty to defend a certain tort action involving an automobile accident, and (2) the coverage of its insurance policy as to the accident which was the subject of such tort action. The complaint alleges that such tort action is presently pending in the Circuit Court for the Eleventh Judicial Circuit of Florida and has been so pending for at least one year. The complaint fails to allege, however the present status of that action. There is no allegation as to whether Allstate has refused to defend such action or has denied coverage in such action. In the absence of such allegations, the complaint fails to show that there is a bona fide, actual, present, practical need for a declaration of the rights of the parties. Accordingly, the trial court was eminently correct in dismissing this complaint but should have done so without prejudice to the plaintiff to properly amend his complaint for declaratory relief.
It is axiomatic that the trial court should not have declared the rights of the parties in its order of dismissal because the complaint failed to state a proper cause of action for any declaratory relief under Chapter 86, Florida Statutes (1977). As the complaint was subject to dismissal without prejudice, it was improper to fashion a declaratory decree herein. Cowne v. Weber, 257 So.2d 105 (Fla. 4th DCA 1972).
Affirmed as modified.