542 So.2d 1037 (1989)
COUNTRYSIDE CHRISTIAN CENTER, INC., Appellant,
v.
CITY OF CLEARWATER, a Municipal Corporation in the State of Florida, Appellee.
No. 88-02368.
District Court of Appeal of Florida, Second District.
April 14, 1989.
Rehearing Denied May 10, 1989.
*1038 Patrick T. Maguire, Clearwater, for appellant.
M.A. Galbraith, Jr., City Atty., Clearwater, for appellee.
RYDER, Acting Chief Judge.
Appellant/plaintiff Countryside Christian Center, Inc. challenges an order in which the trial court denied its motion for preliminary injunction and dismissed with prejudice its complaint against appellee/defendant City of Clearwater. The complaint sought a declaratory judgment as to whether the City's policy of requiring annexation before it will provide sanitary sewer service to appellant is unlawful, and requested preliminary and permanent injunctive relief to prevent the City from enforcing its policy against appellant. Appellant admits that the complaint was deficient, but argues that it should have been granted leave to amend. We agree. It is error for a trial court to dismiss a complaint with prejudice where the complaint is not clear that the complaint cannot be amended. Crews v. Ellis, 531 So.2d 1372, 1375 (Fla. 1st DCA 1988). Thus, although the trial court was correct in dismissing the complaint for failure to state a cause of action, it should have done so without prejudice to appellant to amend. Allstate Insurance Co. v. Anderson, 360 So.2d 473, 474 (Fla. 3d DCA 1978).
Affirmed in part and reversed in part for further proceedings consistent with this opinion.
DANAHY and PATTERSON, JJ., concur.