560 So.2d 240 (1990)
BOARD OF COUNTY COMMISSIONERS OF MONROE COUNTY, Appellant,
v.
DEPARTMENT OF COMMUNITY AFFAIRS, AND 1000 Friends of Florida, Appellees.
No. 89-1804.
District Court of Appeal of Florida, Third District.
January 30, 1990.
Rehearing Denied May 22, 1990.
Randy Ludacer, Monroe County Atty., for appellant.
L. Kathryn Funchess, Sr. Atty., and David L. Jordon, Sr. Atty., for appellee, Fla. Dept. of Community Affairs.
G. Steven Pfeiffer, Tallahassee, for appellee, 1000 Friends of Florida.
Before BASKIN, LEVY, and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Board of County Commissioners of Monroe County (Monroe County), *241 appeals a final order of the appellee, Florida Department of Community Affairs (FDCA), prohibiting Monroe County from "any and all construction" on a road. We reverse.
The facts may be briefly stated. Monroe County acquired a right-of-way in an area designated as an "area of critical state concern." §§ 380.05, 380.0552, Fla. Stat. (1987). The right-of-way had previously been subject to an easement for a private accessway for residents of a subdivision. At the time the County acquired the right-of-way, the road had many potholes, was covered with debris, and vegetation was encroaching on it. Monroe County laid down new fill, rolled the fill, and removed the debris and the encroaching vegetation.
The FDCA then filed a notice against the County of a violation of section 380.11(2), Florida Statutes (1987), and directed the County to cease all road work on the property. The basis for the FDCA's violation notice was that the County's road work constituted "development" under Florida law and thus such work could not be undertaken until the County had complied with the development provisions of its County Code, as well as the provisions of chapter 380, Florida Statutes (Supp. 1988).
Monroe County denied the material allegations of the FDCA's notice of violation and sought an administrative hearing. Before the hearing, a citizens group, appellee, 1000 Friends of Florida, filed a petition for intervention. Also prior to the hearing, the County filed a motion to dismiss, contending that the FDCA lacked jurisdiction over the subject matter because the road work was not "development" as defined under chapter 380, Florida Statutes. The County's motion to dismiss was denied.
After the hearing, the hearing officer filed a recommended order, ruling in favor of the FDCA. The hearing officer also recommended that 1000 Friends of Florida be denied intervenor status. Monroe County filed exceptions to the hearing officer's order. The 1000 Friends of Florida also filed an exception only as to the denial of intervenor status.
Subsequently, the FDCA issued a final order adopting the ruling of the hearing officer in favor of FDCA. The final order stated that the road work undertaken by Monroe County was "development" under chapter 380, Florida Statutes. The final order directed Monroe County to cease "any and all construction" on the road until the County had complied with its County's Code and chapter 380, Florida Statutes. The final order also granted 1000 Friends of Florida intervenor status. This appeal by Monroe County then ensued.
Monroe County's primary contention on appeal is that the FDCA lacks jurisdiction over the subject matter because the County's road work is not "development," as that term is defined under section 380.04, Florida Statutes (1987). We agree.
The definition of development in section 380.04, Florida Statutes, specifically excludes "[w]ork by a highway or road agency ... for the maintenance or improvement of a road ... if the work is carried out on land within the boundaries of the right-of-way." § 380.04(3)(a), Fla. Stat. Although the term "road agency" is not defined in chapter 380, Florida Statutes, we rule that Monroe County is a "road agency" under this subsection because the County is responsible for the superintendence and control of county roads. See § 336.02(1)(a), Fla. Stat. (Supp. 1988). Moreover, the FDCA conceded at oral argument that the County was a road agency under this subsection.
Since "maintenance or improvement of a road" by a county, where such "work is carried out on land within the boundaries of the right-of-way," is not "development" under chapter 380, Florida Statutes, the FDCA lacks jurisdiction to order Monroe County to cease all road work until the County complies with the County's development regulations and the provisions of chapter 380, Florida Statutes. § 380.04(3)(a), Fla. Stat. We note that no evidence was presented that any of the work the County performed on the road was outside the boundaries of the right-of-way. Further, the FDCA did not argue that Monroe County's road work was outside the boundaries of the right-of-way.
*242 The FDCA contends the exception from development under section 380.04(3)(a), Florida Statutes, does not apply when a road agency acquires a new right-of-way. We are unpersuaded by this argument. Nothing in the plain language of the statute indicates that the exception applies only to rights-of-way acquired by highway or road agencies prior to a certain date.
Where the language of a statute is unambiguous it must be accorded its plain meaning. Citizens of the State of Florida v. Public Service Commission, 425 So.2d 534 (Fla. 1982); Trushin v. State, 475 So.2d 1290 (Fla. 3d DCA 1985), review denied, 486 So.2d 598 (Fla. 1986). Further, in construing a statute, courts cannot attribute to the legislature an intent beyond that expressed. Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla. 1988); Bill Smith, Inc. v. Cox, 166 So.2d 497 (Fla. 2d DCA 1964); see Seaboard System Railroad, Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985).
Given our decision in this case, it is not necessary to address the other contentions Monroe County has raised on appeal, including whether it was improper to allow 1000 Friends of Florida to intervene in the proceeding.
Reversed.