BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). Appellant/claimant argues that the JCC erred in denying benefits under Section 440.15(3)(a), Florida Statutes (1985), which provides for additional compensation when a claimant has sustained a permanent impairment due to an amputation. Finding merit in appellant’s argument, we reverse.
Appellant injured himself during the course of his employment with Mark III Industries, Inc., when, on August 8, 1986, he severed his left ring finger and left middle finger while operating a radial saw. Appellant’s treating physicians were able to reattach his middle finger, but appellant never recovered full use of this finger. The E/C voluntarily paid appellant amputation benefits for his ring finger, but controverted his claim for amputation benefits for his middle finger. In denying appellant’s claim, the JCC found that because appellant’s middle finger had been reattached surgically, appellant’s claim did not meet the requirements of Section 440.-15(3)(a), Florida Statutes.
Section 440.15(3)(a) provides in pertinent part:
(a) Impairment benefits—
1. In case of permanent impairment due to amputation, ... resulting from an injury other than an injury entitling the injured worker to permanent total disability benefits ..., there shall be paid to the injured worker the following:
a. Two hundred fifty dollars for each percent of permanent impairment of the body as a whole from one percent through ten percent.
This statute is unambiguous and should be given its plain meaning. White v. Pepsico, Inc., 568 So.2d 886, 889 (Fla.1990); Board of County Commissioners of Monroe County v. Department of Community Affairs, 560 So.2d 240, 242 (Fla. 3d DCA 1990). The statute plainly provides for additional compensation when a claimant sustains a permanent impairment due to an amputation. In the instant case, the evidence was uncontroverted that appellant sustained a permanent impairment due to the amputation of his middle finger. Appellant sustained this impairment despite the surgical reattachment of his finger.
The order denying benefits is reversed, and this cause is remanded with directions to award appellant benefits for the amputation of his finger.
NIMMONS, J„ and WENTWORTH, Senior Judge, concur.
PER CURIAM.
Appellees’ motion for rehearing is denied.
BOOTH and KAHN, JJ., concur.
WENTWORTH, Senior Judge, specially concurs with opinion.