Honorable Douglas Dixon Clerk of Circuit Court Saint Lucie County
QUESTION:
Do the restrictions contained in s. 129.06(5), F.S., apply to a fee officer as defined in s. 218.31(8), F.S.?
SUMMARY:
The restrictions contained in s. 129.06(5), F.S., do not apply to a fee officer as defined in s. 218.31(8), F.S., whose budget is not approved by the board of county commissioners.
Section 129.06(5), F.S., provides:
 Any county constitutional officer whose budget is approved by the board of county commissioners, who has not been reelected to office or is not seeking reelection, shall be prohibited from making any budget amendments, transferring funds between itemized appropriations, or expending in a single month more than one-twelfth of any itemized approved appropriation, following the date he is eliminated as a candidate or October 1, whichever comes later, without approval of the board of county commissioners.
The clerk of the circuit court is a constitutional county officer.[1]
In addition to his judicial duties, the clerk, when not otherwise provided by county charter or special law approved by vote of the electors, serves as the "ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds."[2]
Section 218.31(8), F.S., defines "[c]ounty fee officers" to mean:
[T]hose county officials who are assigned specialized functions within county government and whose budgets are establishedindependently of the local governing body, even though said budgets may be reported to the local governing body or may be composed of funds either generally or specially available to a local governing authority involved. (e.s.)
Pursuant to s. 218.35, F.S., each county fee officer is required to establish an annual budget for his office which clearly reflects the revenues available to the office and the functions for which such money is to be expended.[3] Such budget must be balanced, i.e., the total of the estimated receipts, including balances brought forward, must equal the total estimated expenditures and reserves.[4] Section 218.35(2), F.S., provides that the clerk, functioning in his dual capacity as clerk of the court and as clerk of the board of county commissioners, prepares his budget in two parts:
(a) The budget relating to the state courts system, including recording, which shall be filed with the State Courts Administrator as well as with the board of county commissioners; and (b) The budget relating to the requirements of the clerk as clerk of the board of county commissioners, county auditor, and custodian or treasurer of all county funds and other county-related duties.
Pursuant to s. 218.35(4), F.S., the proposed budget of a county fee officer shall be filed with the clerk of the county governing body by September 1 preceding the fiscal year for the budget. Each county fee officer is required to report his finances annually upon the close of each fiscal year to the county fiscal officer for inclusion in the annual report by the county.[5]
The board of county commissioners may require every county official to submit to it annually a copy of the official's operating budget for the succeeding fiscal year.[6]
However, unlike county budget officers who must submit their budgets for approval to the county commission,[7] fee officers are not required to obtain the approval of their budgets from the board of county commissioners.
As stated by The Supreme Court of Florida in Alachua County v. Powers:[8]
We feel that the proper interpretation of the various statutes is that where the circuit court clerk . . . agree to turn over all fees collected by their office to the county commissioners they become county budget officers by resolution of the board pursuant to Section 145.022(1), Florida Statutes (1975). . . .[9]
Absent this agreement and resolution, the clerk of the circuit court remains a county fee officer, responsible for establishing his own annual budget. Section 218.35(1), Florida Statutes (1975). He is required by law merely to file his proposed budget with the clerk of the county governing authority by September 1 preceding the fiscal year of the budget and to make an annual report of his finances upon the close of each fiscal year to the county fiscal officer for inclusion in the annual financial report of the county. Section 218.35(3), (4), Florida Statutes (1975).
Section 129.06(5), F.S., places restrictions on county constitutional officers whose budgets are approved by the board of county commissioners when such officers have not been reelected to office or are not seeking reelection. Where the language of a statute is clear on its face, it must be given its plain and ordinary meaning.[10] While the clerk of the circuit court is a county constitutional officer, to the extent that he operates his office as a fee officer rather than a budget officer, the provisions of s. 129.06(5), F.S., by its own terms, would not be applicable.
Therefore, I am of the opinion that the restrictions contained in s. 129.06(5), F.S., do not apply to fee officers as defined in s.218.31(8), F.S., whose budgets are not approved by the board of county commissioners.
RAB/tjw
[1] See, s. 1(d), Art. VIII, State Const. 
[2] Id. And see, s. 16, Art. V, State Const., which provides:
There shall be in each county a clerk of the circuit court who shall be selected pursuant to the provisions of Article VIII section 1. Notwithstanding any other provision of the constitution, the duties of the clerk of the circuit court may be divided by special or general law between two officers, one serving as clerk of court and one serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds.
[3] Section 218.35(1), F.S.
[4] Id. The statute further requires that the budgeting of segregated funds be made in such a manner that the relation between the program and revenue source as provided by law is retained.
[5] Section 218.35(3), F.S. And see, s. 218.36, F.S., which requires county officers, on or before the date for filing the annual report, to pay into the county general fund all money in excess of the sum to which he is entitled under Ch. 145, F.S., setting the annual compensation of county officers.
[6] Section 125.01(1)(v), F.S.
[7] See, s. 129.03, F.S.
[8] 351 So.2d 32, 41-42 (Fla. 1977).
[9] Section 145.022(1), F.S., provides that a board of county commissioners, with the concurrence of the county official involved, shall by resolution guarantee and appropriate a salary to the officer in an amount specified in Ch. 145, F.S., if all fees collected by the officer are turned over to the board of county commissioners.
[10] See, e.g., Board of County Commissioners of Monroe County v. Department of Community Affairs, 560 So.2d 240 (3 D.C.A. Fla., 1990).