The Honorable William T. Swigert Chief Judge, Fifth Judicial Circuit Marion County Judicial Center 110 Northwest First Avenue, Room 4017 Ocala, Florida 34475
Dear Judge Swigert:
As Chief Judge of the Fifth Judicial Circuit, you ask substantially the following question:
If the chief judge of a judicial circuit establishes a citizens dispute settlement center pursuant to s. 44.201, F.S., and a service charge is levied pursuant to s. 44.108(1), F.S., to support mediation and arbitration services, must one dollar of said charge be remitted to the Office of the State Courts Administrator?
In sum, I am of the opinion:
One dollar of the service charge levied by the board of county commissioners pursuant to s. 44.108(1), F.S., must be forwarded to the Office of the State Courts Administrator for deposit in a state mediation and arbitration trust fund. Chapter 44, F.S., provides mediation alternatives to judicial action. Pursuant to s.44.201(1), F.S.: The chief judge of a judicial circuit, after consultation with the board of county commissioners of a county or with two or more boards of county commissioners of counties within the judicial circuit, may establish a Citizen Dispute Settlement Center for such county or counties, with the approval of the Chief Justice.
The center shall be administered by a council composed of at least seven members with the chief judge of the circuit serving as the chairman of the council.[1] You have advised this office that as chief judge of the circuit, you have established a citizen's dispute resolution center pursuant to s. 44.201, F.S.
Section 44.108, F.S., provides for funding of mediation and arbitration. Recognizing that mediation should be accessible to all parties regardless of financial status, s. 44.108(1) states that each board of county commissioners may support mediation and arbitration services by appropriating moneys from county revenues and by levying a service charge of not more than five dollars on any circuit court proceeding. Such charge is in addition to other service charges imposed by law and is to be deposited in the court's mediation-arbitration account fund under the supervision of the chief judge of the circuit in which the county is located.[2]
Section 44.108(4), F.S., provides:
If a board of county commissioners levies the service charge authorized in subsection (1), . . . the clerk of the court shall forward one dollar of each charge to the Office of the State Courts Administrator. That office shall deposit the funds in a state mediation and arbitration trust fund which is hereby established. Such fund shall be used by the Supreme Court to carry out its responsibilities set forth in s. 44.106.
You state that the State Courts Administrator's Office has advised you that their office receives the first dollar of any monies levied under s. 44.108, F.S. You question whether one dollar must still be forwarded to the State Courts Administrator if the service charge imposed pursuant to s. 44.108(1), F.S., is less than five dollars, or whether only a pro rata portion of the amount levied is required to be sent to the State Courts Administrator.
The intent of the Legislature controls the construction of statutes.[3] Such intent is determined primarily from the language of the statute.[4] In construing a statute, the courts and this office cannot attribute to the Legislature an intent beyond that expressed.[5]
The statute recognizes no distinction between the varying amounts that may be imposed by the board of county commissioners except that such charge may not exceed five dollars. It does, however, clearly require that when a service charge is levied, one dollar of such charge must be forwarded to the State Courts Administrator. The statute does not provide that one dollar need only be forwarded if the maximum service charge is levied nor does it otherwise refer to or provide for a pro rata share if less than the maximum charge is levied. The board of county commissioners, in determining what amount to levy, should be cognizant of this requirement.
Accordingly, I am of the opinion that one dollar of the service charge levied by the board of county commissioners pursuant to s.44.108(1), F.S., must be forwarded to the Office of the State Courts Administrator for deposit in a state mediation and arbitration trust fund.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 44.201(2), F.S. The chief judge is responsible for selecting the other members of the council who, pursuant to s.44.201(2) shall include a representative of the state attorney's office, each sheriff, a county judge, and each board of county commissioners within the geographical jurisdiction of the center. In addition, two members of the general public who are not representatives of such officers or boards must be included on the council.
[2] Section 44.108(1), F.S. Section 44.108(2) and (3), F.S., authorize a board of county commissioners to levy an additional service charge not to exceed 5 on any county court proceeding which charge shall be deposited in the county's mediation-arbitration account to fund county civil mediation services and to levy an additional service charge not to exceed 45 on any petition for a modification of a final judgment of dissolution which charge shall be deposited in the court's family mediation account to fund family mediation services.
[3] See, e.g., In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990).
[4] See, St. Petersburg Bank Trust Company v. Hamm,414 So.2d 1071 (Fla. 1982) (plain meaning of statutory language is first consideration in determining legislative intent); Barnett Bank of South Florida v. State Department of Revenue, 571 So.2d 527 (3 D.C.A. Fla., 1990) (legislative intent controls construction of statutes and determination as to legislative intent based on plain and ordinary language of the statute itself).
[5] Board of County Commissioners of Monroe County v. Department of Community Affairs, 560 So.2d 240 (3 D.C.A. Fla., 1990).