664 So.2d 1150 (1995)
Kent Harrison ROBBINS, Appellant,
v.
CITY OF MIAMI BEACH, Appellee.
No. 95-1612.
District Court of Appeal of Florida, Third District.
December 20, 1995.
*1151 Kent Harrison Robbins, in pro. per.
John C. Dellagloria, Chief Deputy City Attorney; John G. Fletcher, South Miami, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
GREEN, Judge.
Kent Harrison Robbins appeals the dismissal with prejudice of his complaint filed pursuant to section 163.3215, Florida Statutes (1993) wherein he challenges a City of Miami Beach resolution as inconsistent with the City's comprehensive land use plan. The gist of Robbins' complaint was that the "streetscape improvement project" called for in the challenged resolution would unlawfully constrict a stretch of Collins Avenue northbound from three lanes to two where the comprehensive plan for Miami Beach calls for three northbound lanes. Robbins currently owns real property on Collins Avenue which he is developing for multifamily housing. He alleges that he will be adversely affected by this proposed project because access to his property will be restricted by the proposed narrowing of the street.
We find that the trial court properly determined that Robbins did not have a cause of action under section 163.3215. This section specifically creates a cause of action for an "aggrieved or adversely affected party" to challenge a development order as being inconsistent with a municipal comprehensive land use plan. "Development" for purposes of "development orders" is defined in section 380.04(1), Florida Statutes (1993) as:
... the carrying out of any building activity ... the making of any material change in the use or appearance of any structure or land, or the dividing of land into three or more parcels.
Specifically excluded from the term "development" is "[w]ork ... for the maintenance or improvement of a road ... if the work is carried out on land within the boundaries of the right-of-way." § 380.04(3)(a). Without question, the streetscape project involves work within the boundaries of the City's right-of-way. Hence, the subject resolution cannot properly be deemed a development order subject to challenge under section 163.3215. Board of County Comm'rs v. Department of Community Affairs, 560 So.2d 240 (Fla. 3d DCA 1990). The trial court therefore correctly dismissed the complaint below as pled.
We must, however, reverse the trial court's dismissal with prejudice. Although we conclude that an action to challenge the resolution as a development order under section 163.3215 does not properly lie, there is nothing to preclude Robbins from otherwise attempting to seek redress in an action for declaratory relief, injunctive relief and/or petition for statutory writ of certiorari provided he can demonstrate his standing[1] to institute or maintain such an action. See Citizens Growth Management Coalition, Inc. v. City of W. Palm Beach, Inc., 450 So.2d 204 (Fla. 1984); Renard v. Dade County, 261 So.2d 832 (Fla. 1972). Since Robbins' complaint is conceivably amendable to sustain a cause of action under another theory, we must conclude that the trial court abused its discretion in dismissing the complaint with prejudice. E.g., Gamma Dev. Corp. v. Steinberg, 621 So.2d 718 (Fla. 4th DCA 1993); Kovach v. McLellan, 564 So.2d 274, 276 (Fla. 5th DCA 1990); Countryside Christian Ctr. v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989); Sparber, Shevin, Shapo & Heilbronner, *1152 P.A., v. Kirsch, 516 So.2d 91 (Fla. 3d DCA 1987); Roger Rankin Enters., Inc. v. Green, 433 So.2d 1248 (Fla. 3d DCA 1983).
Accordingly, the order of dismissal with prejudice is reversed and the cause remanded with directions to enter a dismissal without prejudice.
Reversed and remanded.
NOTES
[1] We express no opinion on this appeal as to Robbins' standing to institute any such action or the merits thereof.