690 So.2d 1325 (1997)
Kurt WINSELMANN, Appellant,
v.
Angela REYNOLDS, individually and as Trustee; Shirley Weber, individually and as Trustee; Loretta Thompsen, a/k/a Loretta Thompson, individually and as Trustee; Robert Krieter; and The Marie M. Krieter Trust or The John Doe Trust, Appellees.
No. 96-1201.
District Court of Appeal of Florida, Third District.
March 5, 1997.
Rehearing Denied April 23, 1997.
*1326 Peter M. Commette, Ft. Lauderdale, for appellant.
Riley & Knoerr, P.A. and Stephen J. Riley and Deborah Hall, Ft. Lauderdale, for appellee Robert Krieter.
Beckmeyer & Mulick and Karl Beckmeyer, Islamorada, for appellees Angela Reynolds, individually and as Trustee, Shirley Weber, individually and as Trustee and the Marie M. Krieter Trust.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GREEN, Judge.
Kurt Winselmann, plaintiff below, appeals an order dismissing his amended complaint for trespass with prejudice for failure to state a cause of action. We agree with the court below that the allegations of the amended complaint cannot state a cause of action for trespass, but we reverse the dismissal with prejudice based upon our determination that the complaint may be amended to state an appropriate cause of action against the appellees.
The basis of the purported trespass action essentially was that the appellees, as owners of a subdivision in Monroe County, executed a lease with a third party, (Dolphins Plus, *1327 Inc.), to permit the erection of a chain link fence around the subdivision's boat basin for the purpose of utilizing the basin as a stranding pen for wounded or ill marine mammals. Although Winselmann had no ownership or possessory rights to this boat basin nor was his property contiguous to the basin, Winselmann claims to have had an easement to ingress and egress the same which was allegedly conferred upon him by the original plat when he purchased his home in the subdivision. Winselmann claimed, in his action below, that he was entitled to maintain a trespass action where appellees' lease with Dolphins Plus interfered with his right to the use and enjoyment of the boat basin. He also alleged that he was entitled to special damages in the form of attorney's fees incurred when he and the other subdivision homeowners were forced to institute a declaratory action against Dolphins Plus to successfully have the lease with appellees invalidated. See Dolphins Plus, Inc. v. Hobdy, 650 So.2d 213 (Fla. 3d DCA 1995).
A simple definition of a civil trespass to real property is an injury to or use of the land of another by one having no right or authority. Brown v. Solary, 37 Fla. 102, 112, 19 So. 161, 164 (1896); Guin v. City of Riviera Beach, 388 So.2d 604, 606 (Fla. 4th DCA 1980). To obtain a recovery for a trespass to real property then, it is clear that the aggrieved party must have had an ownership or possessory interest in the property at the time of the trespass. Vincent v. Hines, 79 Fla. 564, 571-72, 84 So. 614, 616 (1920); Hutchins v. Strickland, 674 So.2d 870, 872 (Fla. 1st DCA 1996); Okaloosa County Gas District v. Enzor, 101 So.2d 406, 407 (Fla. 1st DCA 1958); 55 Fla. Jur.2d Trespass § 7 (1984); see also Atlantic Coast Line R. Co. v. Rutledge, 122 Fla. 154, 156, 165 So. 563, 564 (1935) ("An action for trespass quare clausum fregit is the proper remedy for any forcible violation of the right of possession of realty."); 87 C.J.S. Trespass § 59 (1954). Thus, where it is clear from the allegations of the amended complaint that Winselmann allegedly had only an easement or a right to the use of the subject property, the trial court properly determined that a trespass action could not lie.
Winselmann's appropriate remedy at law for an injury to or disturbance of his alleged easement would have to be an action for trespass on the case or simply "on the case."[1]Florida Power Corp. v. McNeely, 125 So.2d 311, 316 (Fla. 2d DCA 1960) ("The proper remedy at law for injury to or disturbance of an easement is an action on the case and not an action of trespass ...."), cert. denied, 138 So.2d 341 (Fla.1961).
An action on the case lies to recover damages for torts not committed with force, actual or implied; or having been occasioned by force, where the matter affected was not tangible, or the injury was not immediate but consequential; or where the interest in the property was only in reversionin all of which cases trespass is not sustainable.
A mortgagee, who is not entitled to possession, may have action on the case for damages resulting from wrongful injury to the mortgaged property, whereby the property is rendered of less value as security for the mortgage debt....
Atlantic Coast, 122 Fla. at 156-57, 165 So. 563; see also, e.g., Smith v. McCullough Dredging Co., 152 So.2d 194, 196 (Fla. 3d DCA 1963) (finding where injury resulting directly and immediately from defendant's act is not merely consequential, cause of action is for "simple trespass" and contributory negligence is no defense; where injury is indirect or secondary consequence of defendant's act, cause of action is for "trespass on the case" and contributory negligence is a defense), cert denied, 165 So.2d 178 (Fla. 1964); Leonard v. Nat Harrison Assocs., Inc., 137 So.2d 18, 19 (Fla. 2d DCA 1962) (affirming summary judgment in an action brought for trespass where the injuries sustained by plaintiff while attempting to use *1328 steps to her rented dwelling nine days after they had been damaged by defendant's truck were not a direct or immediate result of the trespass but were consequential, hence proper remedy was not trespass but trespass on the case).
Thus, we find that the lower court abused its discretion when it ordered the dismissal of this action with prejudice where the complaint may be amended to state a cause of action and the privilege to amend has not otherwise been abused. Robbins v. City of Miami Beach, 664 So.2d 1150, 1151 (Fla. 3d DCA 1995); Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994) (holding dismissal with prejudice should be granted only when pleader fails to state a cause of action and it conclusively appears that complaint cannot be amended); Kovach v. McLellan, 564 So.2d 274, 276 (Fla. 5th DCA 1990) ("Unless it appears that the privilege to amend has been abused or that the complaint is clearly untenable, it is an abuse of discretion to dismiss a complaint with prejudice."); Countryside Christian Center, Inc. v. City of Clearwater, 542 So.2d 1037, 1038 (Fla. 2d DCA 1989) (finding error to dismiss complaint with prejudice where it is not clear that complaint cannot be amended).
Since this case must be remanded for further proceedings, we must briefly address an additional issue raised below which will not be rendered moot by virtue of this decision. The appellees assert that in the absence of a contract or statute, Winselmann may not seek the recovery of his attorney's fees incurred in his prior litigation with Dolphins Plus in the action below. We disagree. This court and others have recognized the "wrongful act doctrine" which permits a plaintiff to recover third-party litigation expenses as special damages where the defendant's wrongful act caused the plaintiff to litigate with the third-party. State Farm Fire & Casualty Co. v. Pritcher, 546 So.2d 1060, 1061 (Fla. 3d DCA 1989). Specifically, that doctrine provides that:
where the wrongful act of the defendant has involved the claimant in litigation with others or placed him (or her) in such relation with others as makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorney's fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.
Behar v. Jefferson Nat'l Bank at Sunny Isles, 519 So.2d 641, 643 (Fla. 3d DCA 1987), rev. denied, 531 So.2d 167 (Fla.1988); Pony Exp. Courier Corp. of Fla. v. Zimmer, 475 So.2d 1316, 1318 (Fla. 2d DCA 1985); Northamerican Van Lines, Inc. v. Roper, 429 So.2d 750, 752 (Fla. 1st DCA 1983); Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., 325 So.2d 29, 31 (Fla. 3d DCA), cert. denied, 336 So.2d 1180 (Fla. 1976); Glusman v. Lieberman, 285 So.2d 29, 31 (Fla. 4th DCA 1973). Thus, where the record before us makes clear that Winselmann was denied any recovery of his attorney's fees in his litigation against Dolphins Plus, he may properly seek the recovery of such fees in this litigation against appellees if it is established below that the appellees' alleged wrongful conduct caused him to incur his attorney's fees in the Dolphins Plus litigation.
Accordingly, we reverse the order of dismissal with prejudice and remand with instructions that Winselmann be permitted to amend his complaint.
Reversed and remanded.
NOTES
[1] "The classic illustration of the difference between trespass and case is that of a log thrown into the highway. A person struck by the log as it fell could maintain trespass against the thrower, since injury was direct; but one who was hurt by stumbling over it as it lay in the road could maintain, not trespass, but an action on the case." W. Page Keeton Et Al., Prosser and Keeton on the Law of Torts § 6, at 29 (5th ed. 1984).