Mr. John Slye General Counsel Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Slye:
You ask substantially the following:
May an exemption from disqualification for employment with the Department of Children and Families be granted to an individual who was found delinquent based upon the commission of one of the felonies listed in section 435.04(2), Florida Statutes, within three years of the date of disqualification?
In sum:
An individual who has been found delinquent for felony acts does not have to wait three years before being eligible for the exemption from disqualification for employment with a licensing agency under section 435.07(1), Florida Statutes.
Section 435.04, Florida Statutes, requires all employees in positions designated by law as positions of trust or responsibility to undergo security background investigations as a condition of employment. Subsection (2) of the section states that the security background investigations must ensure that no person subject to the law has been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilt to, any of the offenses enumerated therein.
Section 435.07, Florida Statutes, however, sets forth criteria and procedures for individuals to apply for exemptions from disqualification for certain employment. Relevant to your question, the statute provides:
"Unless otherwise provided by law, the provisions of this section shall apply to exemptions from disqualification.
(1) The appropriate licensing agency may grant to any employee otherwise disqualified from employment an exemption from disqualification for:
(a) Felonies committed more than 3 years prior to the date of disqualification;
(b) Misdemeanors prohibited under any of the Florida Statutes cited in this chapter or under similar statutes of other jurisdictions;
(c) Offenses that were felonies when committed but are now misdemeanors;
(d) Findings of delinquency;
(e) Commissions of acts of domestic violence as defined in s.741.30; or
(f) Confirmed reports of abuse, neglect, or exploitation of a vulnerable adult."
For the purposes of this subsection, the term "felonies" means both felonies prohibited under any of the Florida Statutes cited in this chapter or under similar statutes of other jurisdictions.[1] (e.s.)
The question arises, however, whether the language in section435.04(2), Florida Statutes, providing that the investigations ensure that no persons subject to the screening "have been found guilty of [the specified crimes], regardless of adjudication," precludes granting an exemption from disqualification to an individual who has been found delinquent based upon acts that would constitute a felony.
It is a basic rule of statutory construction that two statutes operating on the same subject should be interpreted in such a manner as to give effect to all statutory provisions and that related statutory provisions should be construed in harmony with one another.[2] In this instance, the plain language of section435.04, Florida Statutes, requires that the screening process reveal whether an individual has committed any of the enumerated crimes, both felonies and misdemeanors, regardless of adjudication.
In granting exemptions to these disqualifying criteria, however, section 435.07(1), Florida Statutes, gives discretion to the agency to give individuals an exemption for the enumerated acts. While the exemption for a felony limits it to one committed more than three years prior to the date of disqualification, there is no such limitation for findings of delinquency. Likewise, the exemption for misdemeanors has no time limit as to when it can be applied, even though misdemeanors are included in the list in section 435.04, Florida Statutes. Had the Legislature wished to impose a similar time limit upon findings of delinquency based upon the commission of a felony, it could easily have done so. It is beyond the authority of this office to read such a limitation into the statute.[3]
Accordingly, it is my opinion that an individual who has been found delinquent for felony acts does not have to wait three years before being eligible for the exemption from disqualification for employment with a licensing agency under section 435.07(1), Florida Statutes. The department, therefore, is not required to impose the three-year limitation for delinquent acts based on felony acts when granting the exemption. Should the department have continuing concerns regarding its discretion to grant an exemption from disqualification to such an individual, it may wish to seek legislative clarification.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 435.07(1), Fla. Stat.
[2] See, T.R. v. State, 677 So.2d 270 (Fla. 1996).
[3] See, e.g., Board of County Commissioners of Monroe County v.Department of Community Affairs, 560 So.2d 240 (Fla. 3d DCA 1990) (in construing a statute, courts cannot attribute to the legislature an intent beyond that expressed).