955 So.2d 633 (2007)
Carl Douglas ROBBINS and Deborah P. Robbins, Appellants,
v.
Charles McGRATH, Benjamin Bates, and Santa Rosa County, Appellees.
Nos. 1D06-3444, 1D06-4151.
District Court of Appeal of Florida, First District.
April 30, 2007.
Stacy D. Blank, of Holland & Knight LLP, Tampa, for Appellants.
*634 Lisa S. Minshew, of Lisa S. Minshew, P.A., Pensacola, for Appellees.
PER CURIAM.
Carl Douglas Robbins and Deborah P. Robbins appeal an award of attorney's fees and costs to appellees Charles McGrath and Benjamin Bates, totaling $51,685.11. McGrath and Bates, plaintiffs below, filed suit against the Robbins, alleging that the Robbins blocked access to McGrath and Bates' property by constructing across an unpaved road which transgressed the Robbins' property. McGrath and Bates requested damages pursuant to count one of the complaint, trespass on the case, as well as injunctive relief. The complaint also contained a request for attorney's fees pursuant to section 57.105, Florida Statutes. The original complaint was dismissed for failure to join an indispensable party, Santa Rosa County, the alleged owner of the unpaved road. McGrath and Bates filed an amended complaint, adding Santa Rosa County as a defendant, and again requesting attorney's fees pursuant to section 57.105.[1]
Immediately before trial, McGrath and Bates filed a trial brief and a memorandum of law, and for the first time requested attorney's fees pursuant to the wrongful act doctrine. After a bench trial, the court found in favor of McGrath and Bates, and awarded injunctive relief, as well as damages. The trial court also awarded attorney's fees based on the wrongful act doctrine. After a hearing regarding attorney's fees, the trial court awarded $38,808.50 in attorney's fees, including paralegal fees, $11,629.61 in costs, and $1,247.00 to reimburse McGrath and Bates for their expert who testified at the attorney's fees hearing.
The Robbins argue on appeal that the trial court erred in awarding attorney's fees based on the wrongful act doctrine because entitlement to the fees was not specifically pled. We agree. The wrongful act doctrine is an exception to the general rule that attorney's fees are not recoverable as an element of damages in the absence of statutory authority or a contractual agreement:
[W]here the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages.
Northamerican Van Lines, Inc. v. Roper, 429 So.2d 750, 752 (Fla. 1st DCA 1983); see also City of Tallahassee v. Blankenship & Lee, 736 So.2d 29, 30 (Fla. 1st DCA 1999). Attorney's fees awarded pursuant to the wrongful act doctrine are special damages, and therefore, must be specifically pled. See Winselmann v. Reynolds, 690 So.2d 1325, 1328 (Fla. 3d DCA 1997); Fla. R. Civ. P. 1.120(g).
In this case, McGrath and Bates never pled entitlement to attorney's fees based on the wrongful act doctrine. See Green v. Sun Harbor Homeowners' Ass'n, Inc., 730 So.2d 1261 (Fla.1998) (reading the holding in Stockman v. Downs, 573 So.2d 835 (Fla. 1991), that a claim for attorney's fees must be pled, to mean that "the failure to set forth a claim for attorney fees in a complaint, answer, or counterclaim, if filed, constitutes a waiver"). Accordingly, we reverse the award of attorney's fees in this case.[2]
*635 The Robbins also argue that because attorney's fees were improperly awarded, the trial court erred by awarding reimbursement for McGrath and Bates' expert, who testified during the attorney's fees hearing. Because we reverse the award of attorney's fees in this case, we also reverse the reimbursement of fees for the expert witness.
Finally, the Robbins argue the costs awarded by the trial court included $2,985.01 in nontaxable costs, including charges for undifferentiated office photocopying ($1,553.54), faxes ($138.00), postage ($34.97), courier deliveries ($171.50), travel expenses ($1,052.00), and Westlaw research ($35.00). We agree that the trial court abused its discretion in awarding costs for these expenses, and reduce the costs award by $2,985.01. Postage, fax transmissions, delivery service, and computer research are office expenses or overhead that should not be taxed as costs. State, Dep't of Transp. v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998). Additionally, attorney travel time and expenses should not be taxed as costs pursuant to the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. See In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612 (Fla. 2005) (amending the Uniform Guidelines effective January 1, 2006). Finally, although copying expenses are properly taxed under the Uniform Guidelines where the costs are for copies of documents filed in court which are reasonably necessary to assist the court in reaching a conclusion, or for copies obtained in discovery, there is no evidence in the record to indicate the purpose for the copies in this case. See Ocean Club Cmty. Ass'n, Inc. v. Curtis, 935 So.2d 513, 518 (Fla. 3d DCA 2006) (providing that pursuant to the pre-2006 version of the Uniform Guidelines, where there is no indication whether the copies were filed in the court file or used in trial, it is error for the trial court to award costs for the copies).
Therefore, we reverse the award of attorney's fees in the amount of $38,808.50, reverse the expert witness fee in the amount of $1,247.00, and reduce the costs of $11,629.61 by $2,985.01. Consequently, McGrath and Bates are left with an award of costs in the amount of $8,644.60.
AFFIRMED in part; REVERSED in part.
PADOVANO, POLSTON and HAWKES, JJ., concur.
NOTES
[1] The complaint was amended a second time to add factual allegations.
[2] Because we agree that the pleadings in this case were insufficient for an award of attorney's fees based on the wrongful act doctrine, we do not reach the Robbins' alternative argument on appeal, that McGrath and Bates failed to identify any attorney's fees incurred as a result of Santa Rosa County's presence in the lawsuit.