992 So.2d 357 (2008)
RETIREMENT BOARD OF the CITY OF CORAL GABLES, et al., Petitioners,
v.
Raul PIÑON, Respondent.
Nos. 3D08-1114, 3D08-1113.
District Court of Appeal of Florida, Third District.
October 1, 2008.
Alan E. Greenfield, Aventura; Bryant Miller Olive and James C. Crosland and David C. Miller, Miami, for petitioners.
Gray Robinson and Michael J. Vitoria, Tampa, for respondent.
*358 Before RAMIREZ, SHEPHERD, and SALTER, JJ.
SALTER, J.
In these consolidated cases, the City of Coral Gables and the Retirement Board of the City of Coral Gables each seek second-tier certiorari to quash an opinion of the appellate division of the circuit court. That opinion reversed and remanded an administrative order by the Board regarding the remedies available to a former City employee, the respondent Raul Piñon, following the retirement administrator's concededly-mistaken advice to Piñon about his benefit options.
We find that the circuit court appellate division applied due process and did not deviate from the essential requirements of law. Therefore, we deny the petitions for certiorari.[1]

Background
Piñon was an employee of the City of Coral Gables from March 10, 1993 until July 1, 2007. In 1999, Piñon met with the City's Assistant Finance Director then serving as administrative manager of the General Employees' Retirement System. The manager counseled Piñon regarding his retirement choices and told him about the City's "Deferred Retirement Option Program," known as "DROP." It is undisputed that the manager advised Piñon that if he entered DROP he could accumulate approximately $175,000 in retirement benefits by June 2007, his mandatory retirement date under the DROP program.
In reliance on this advice, Piñon enrolled in DROP. However, in 2004, it was discovered that the benefit figures provided to Piñon were incorrect. The amount of money Piñon would receive from his DROP account was actually around $75,000, not $175,000 as he had been advised. In March 2004, Piñon sought to revoke his election. The Retirement Board denied Piñon's request because the DROP election was irrevocable. Piñon then petitioned for certiorari and mandamus to the circuit court appellate division. In May 2006, that court granted relief and directed the Board to grant Piñon a hearing. In its opinion, the circuit court determined that Piñon had detrimentally relied on the manager's representations, and it remanded the matter to the Board for a hearing to determine whether "detrimental reliance may be an exception in which the Board may determine that it can make an equitable adjustment."
The Board then held an administrative hearing and found that Piñon met his burden of proof to establish that he "elected to participate in the DROP based on a miscalculation of his benefits." The Retirement Board further determined that pursuant to section 50-94(a)(4), City of Coral Gables Ordinances (1999), the Board was required to make "equitable adjustments for any mistakes or errors of commission or omission in the administration of the Retirement System." The Board then voted to approve what it called a "cost-neutral" adjustment. The Board's order of June 14, 2007 stated that Piñon: (1) shall retire on July 1, 2007, as required under his DROP election; (2) shall forfeit all money held in the DROP account, totaling approximately $78,000; (3) shall receive a monthly retirement benefit calculated to be "cost neutral to the Retirement system;" and (4) shall pay the City $12,206.17, representing the amount he would have paid into the retirement fund if *359 he had not elected to enroll in DROP. The order also denied Piñon's request for attorney's fees and costs, finding "no contractual or statutory basis for such an award."
Piñon appealed again to the circuit court appellate division, arguing that the Board did not follow the essential requirements of the law when it entered an order using the "cost-neutral" adjustment and denying his claim for attorney's fees. The circuit court again reversed the Board, finding that although the City and the Board conceded that Piñon detrimentally relied on manager's misadvice, the Board's remedy was inequitable. The court remanded the case to the Retirement Board and instructed it to "approach this second opportunity to cure its defect by considering the retirement benefit Piñon would have received but for its own error." It also instructed the Board to consider whether Piñon should be reimbursed for all or part of his attorney's fees and costs "in order to equitably undo the harm to Piñon."
The City and the Board now ask this Court to exercise its second-tier certiorari jurisdiction to quash the circuit court's opinion.

Analysis"Equitable Adjustment"
Second-tier certiorari review is not a matter of right. Our review is limited to whether the circuit court afforded procedural due process and applied the correct law. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla. 2003). In this case, clearly the three-judge circuit court appellate panel afforded procedural due process to the parties. In its first-tier review, the circuit court was also required to determine whether the Board's "cost-neutral" remedy complied with the applicable City ordinance and whether the Board's findings were supported by competent substantial evidence. Id.
No known equitable maxim, at least in Florida, supports the concept that the measure of compensation for a victim is limited to an amount which is "cost-neutral" to the wrongdoer. The City ordinance commendably recognizes that the Board may make mistakes, and directs that it is to make "equitable adjustments for any mistakes or errors of commission or omission in the administration of the Retirement System." The first applicable maxim is that "equity will not suffer a wrong to be without a remedy." See 22 Fla. Jur.2d, "Equity," § 59. The second applicable maxim is that, where one of two innocent parties must suffer a loss, the one who made possible the loss must bear it.[2]Id., § 86; Continental Cas. Co. v. Associated Plastics, Inc., 347 So.2d 822 (Fla. 3d DCA 1977). Because the City and Board could not revoke Piñon's DROP election and restore him to the status quo ante, an equitable adjustment plainly required an actuarial analysis and adjustment awarding Piñon that which he would have received had he not made the election. When the Board instead fashioned a remedy based on the avoidance of expense to the Board and City rather than on the harm caused to the employee, it departed from the essential requirements of the ordinance and awarded an inequitable adjustment. The circuit court's reversal for that reason properly applied, and did not depart from, the essential requirements of law.

AnalysisAttorney's fees
The Retirement Board determined that Piñon was not entitled to attorney's fees *360 and costs because there was no "contractual or statutory basis for such an award." The Board did not grant Piñon his request for attorney's fees and costs, but denied the request without prejudice to his right to "take that up with the City." The circuit court appellate division also reversed this aspect of the Board's opinion, directing that the Board "should also consider whether, in order to equitably undo the harm to Piñon, it should also reimburse him for all or part of his attorney's fees and costs."
The circuit court appellate division properly remanded the case for consideration of Piñon's claim for attorney's fees and costs. Piñon identified at least three legal grounds for the inclusion of such an award: (1) attorney's fees and costs may be an element of the "equitable adjustment" specified by the ordinance; (2) fees and costs may represent a cost of administration of the retirement plan, inasmuch as the plan itself expressly requires an equitable adjustment when the administrator errs; and (3) the "wrongful act" doctrine[3] may expose the Board to fees and costs incurred because its administrative error culminated in litigation between Piñon and the City. The circuit court did not misapply the law when it found that the Board erred in summarily denying Piñon's claim for attorney's fees and costs.
As noted above, we also grant and remand Piñon's motion for appellate attorney's fees and costs relating to this appeal.

Conclusion
The petitioners have not met the strict requirements for second-tier certiorari to a district court. The circuit court appellate division afforded the parties procedural due process and entered a detailed and well-reasoned opinion correctly applying the law.
Petitions denied.
NOTES
[1] We deny the petitioners' requests for oral argument, and we grant and remand Piñon's motion for appellate attorney's fees and costs to the Board. The circuit court remand order instructs that the Board "should also consider whether, in order to equitably undo the harm to Piñon, it should also reimburse him for all or part of his attorney's fees and costs."
[2] There is no indication that the City's retirement plan manager intended to mislead or deceive Piñon. The erroneous miscalculations appear to have been nothing more than "an error of commission" in the administration of the City's retirement plan.
[3] Winselmann v. Reynolds, 690 So.2d 1325, 1328 (Fla. 3d DCA 1997).