SALTER, J.
The owners/operators of a hotel appeal a final judgment for money damages, a supplemental final judgment determining that the appellee is entitled to an award of attorney’s fees as prevailing party, and the denial of the appellants’ motion for reconsideration of the supplemental final judgment (or in the alternative, to vacate the supplemental final judgment pursuant to Florida Rule of Civil Procedure 1.540). Finding no appellate jurisdiction over any of these trial court orders, we dismiss the appeal.[1]

*928
Background

The prior owner of the Catalina Hotel leased an area to Sun City Vending (the plaintiff below and the appellee here) for two snack vending machines, two beverage vending machines, and an automatic teller machine. After the sale of the hotel and during a renovation, all of the machines went missing. Sun City Vending sued the current owners of the hotel for breach of the lease agreements, wrongful eviction, common law conversion, and civil theft. After various pretrial motions and rulings,[2] the circuit court entered a final judgment in favor of Sun City Vending against each of the appellants, jointly and severally, in the amount of $10,100.00. The record indicates that this amount was for the replacement value of the vending and ATM machines, and that the trial court denied Sun City Vending’s claim for lost profits. In addition to the caption “final judgment,” the judgment reserved jurisdiction and ruling as to attorney’s fees and costs, and it included the traditional words of finality, “for which sum let execution issue.” The clerk’s office stamped the judgment, docketed January 27, 2011, “final orders as to all parties,” and “no further judicial action is required — this case is closed.”
On February 23, 2011, Sun City Vending filed a motion for a supplemental final judgment authorizing attorney’s fees and costs. That motion was granted on February 24, 2011, and a supplemental final judgment was entered the following day determining that Sun City Vending was entitled to an award of its reasonable attorney’s fees under the terms of the vending and ATM machine leases. The supplemental final judgment reserved jurisdiction to fix the amount of the attorney’s fees. It did not alter the amount of the final judgment or provide for any other relief.
On March 11, 2011, the appellants filed a motion for reconsideration of the supplemental final judgment (but not the January final judgment) or, in the alternative, to vacate the supplemental final judgment under Florida Rule of Civil Procedure 1.540. The appellants’ motion was limited to the question of whether, based on the circuit court’s rulings at trial, Sun City Vending was entitled to an attorney’s fee as the prevailing party.[3] The appellants’ motion was denied on March 17, 2011, and they filed a notice of appeal on March 24, 2011. The notice of appeal stated that it sought review of the order on supplemental final judgment (rendered February 25, 2011) and the order denying reconsideration of that supplemental final judgment (though the circuit court docket discloses no such written order).

Analysis

We do not have jurisdiction to review the final judgment docketed January 27, 2011. The judgment was final and appealable on that date, and no notice of appeal was filed within the thirty days allowed. See Fla. R. App. P. 9.110(b). Sun City Vending’s motion for a supple *929 mental final judgment (for attorney’s fees and costs) was not an “authorized and timely” motion that would suspend rendition of the final judgment under Florida Rule of Appellate Procedure 9.020(h).[4]
We also lack jurisdiction to review the supplemental final judgment and any reconsideration of that ruling by the trial court. The supplemental final judgment is a separate ruling on Sun City Vending’s entitlement to attorney’s fees, but it is not final or appealable because the amount to be awarded has not yet been determined. E.g., Low Key Ltd., Inc. v. Annesser, — So.3d -, 2012 WL 4795672 (Fla. 3d DCA 2012); Rhodes v. Newport Bldg. & Constr., Inc., 86 So.3d 1245, 1247 (Fla. 2d DCA 2012).

Conclusion

This appeal is dismissed. The dismissal is without prejudice to the appellants’ right to seek review of a final judgment fixing the amount of attorney’s fees payable by them (if and when such a final award is made and a judgment for that amount is rendered). By virtue of the dismissal, the final judgment of January 27, 2011, and the supplemental final judgment of February 25, 2011, remain in full force and effect.
Appeal dismissed.

. An earlier motion by the appellee to dismiss the appeal for lack of jurisdiction was denied *928 by a motions panel of this Court. After briefing and a review of the entire record, we have revisited and modified that ruling.

. These included an order striking certain defense pleadings for failure to provide an authorized client representative at a court-ordered mediation. Although the appellants assert that this ruling prejudiced them, the case ultimately proceeded to a second mediation and a non-jury trial on the merits, and we thus find no merit to that aspect of the appellants’ arguments on appeal.

. The appellants maintained that the trial court had awarded damages on a common law count rather than a count claiming breach of the leases. They also claimed that the lease agreements had not been assumed by the new owners of the hotel, and that the agreements were illusory and unenforceable.

. Sun City Vending's motion was not filed within ten days of the final judgment (Fla. R. Civ. P. 1.530), and the motion did not seek modification or vacation of the monetary amount or availability of execution.