WALLIS, J.
Appellants, the plaintiffs below, appeal the trial court’s final judgment and order on a motion for clarification, arguing that the trial court erred when it held that the wrongful-act doctrine did not permit Appellants to recover fees against William Bright and Barrett Bright, two of the five Appellees. Because Appellants failed to timely file a notice of appeal of the final judgment, we dismiss this appeal for lack of jurisdiction.
The operative pleading, the sécond' amended complaint, alleged seven counts: (I) injunctive relief; (II) declaratory relief; (III) common law way of necessity; (IV) statutory way of necessity under section 704.01, Florida Statutes; (V) trespass on the case; (VI) damages for interference with easement; and (VII) slander of title. Counts V and VI were the only counts requesting damages for fees and costs incurred under the wrongful-act doctrine.
On June 25, 2013, the trial court held a bench trial. The trial court entered its final judgment on October 29, 2013, finding for Appellants in counts I, II, III, and IV and for Appellees in counts V, VI, and VII. Thus, the trial court denied damages under the wrongful-act doctrine in counts V and VI. On October 30, 2013, Appellees filed a pro se letter in the trial court, rearguing the facts of the case, posing rhetorical questions, and asking legal advice.[1]
On November 27, 2013, Appellants filed a motion for fees and costs, arguing they were entitled to recover attorney’s fees from William Bright and Barrett Bright for their wrongful acts. Appellants also argued they were entitled to statutory fees due to Appellees’ unreasonable refusal to permit access to Appellants’ lot and fees for William Bright’s wrongful recording of a lis pendens. The trial court did not enter an order on the motion for fees.
On December 9, 2013, Appellees filed another pro se letter, which the trial court treated as a motion for clarification. Following a hearing on the motion, the trial court entered an order on April 8, 2014, holding, inter alia, the wrongful-act doctrine does not apply to the facts of this case.[2] On May 7, 2014, more than six months after the final judgment, Appellants filed their notice of appeal, appealing the final judgment and the order on the motion for clarification.
Although not raised by Appellees, we sua sponte address jurisdiction in this case. Dep’t of Rev. v. Day star Farms, Inc., 803 So.2d 892, 895 (Fla. 5th DCA 2002) (“[I]t is well settled that lack of subject matter jurisdiction may be raised sua sponte by an appellate court even if neither party raises issue.” (quoting Ruffin v. Kingswood E. Condo. Ass’n, Inc., 719 So.2d 951, 952 (Fla. 4th DCA 1998))).
First, we note that Appellants’ request for fees has no bearing on this appeal because the litigation expenses under the wrongful-act doctrine are damages as part of a cause of action. Under the wrongful-act doctrine, “[w]here a defendant has committed a wrong toward the plaintiff and the wrongful act has caused the plaintiff to litigate with third persons, the wrongful act doctrine permits the plaintiff to recover, as an additional ele *737 ment of damages, plaintiffs third party litigation expense.” Horowitz v. Laske, 855 So.2d 169, 174 (Fla. 5th DCA 2003) (citing State Farm Fire & Cas. Co. v. Pritcher, 546 So.2d 1060, 1061-62 (Fla. 3d DCA 1989)); see also Robbins v. McGrath, 955 So.2d 633, 634 (Fla. 1st DCA 2007) (“Attorney’s fees awarded pursuant to the wrongful act doctrine are special damages, and therefore, must be specifically pled.” (citing Winselmann v. Reynolds, 690 So.2d 1325, 1328 (Fla. 3d DCA 1997); Fla. R. Civ. P. 1.120(g))); Southland Constr., Inc. v. Greater Orlando Aviation, 860 So.2d 1031, 1038 n. 4 (Fla. 5th DCA 2003) (“The wrongful act doctrine does not create a separate cause of action, however. It is simply an additional element of damage available where liability already exists.”). Here, Appellants pleaded special damages in counts V and VI, and the trial court denied relief on those counts in the final judgment.
Under Florida Rule of Appellate Procedure 9.110(b), “a timely notice of appeal must be filed within thirty days of the rendition of the order to be reviewed in order for the appellate court t'o have jurisdiction.” David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 278 (Fla. 2d DCA 2008) (citing Hawks v. Walker, 409 So.2d 524, 525 (Fla. 5th DCA 1982)). Appellants filed their notice of appeal more than six months after the final judgment.
Thus, we must address whether any of the post-judgment filings delayed rendition of the final judgment. See Tyler v. State, Governor Chiles, 718 So.2d 811, 812 (Fla. 2d DCA 1997) (noting that the “only way” the appellant’s “motion for clarification would be an ‘authorized’ motion that would delay rendition would be if it were deemed to be a motion for rehearing” and holding that the “motion for clarification cannot be considered a motion for rehearing because [it] failed to raise any matters that were not previously considered”). We conclude that the October 30, 2013 letter was not a motion for rehearing. As in Tyler, Appellees’ allegations, rhetorical questions, and requests for legal advice do not raise any matters that were not previously considered by the trial court. Therefore, the October 30, 2013 letter did not delay rendition of the final judgment.
Furthermore, Appellants’ motion for fees filed on November 27, 2013, was not an “authorized and timely” motion that would suspend rendition of the final judgment. Catalina Halnat, LLC v. Sun City Vending of S.F., Inc., 103 So.3d 927, 928-29 (Fla. 3d. DCA 2012) (holding that the third district did not have jurisdiction to review the final order because the appel-lee’s “motion for a supplemental final judgment (for attorney’s fees and costs) was not an ‘authorized and timely motion that would suspend rendition of the final judgment under'Florida Rule of Appellate Procedure 9.020(h)” (footnote omitted)).
Because Appellants failed to timely appeal the trial court’s denial of counts V and VI, we do not have jurisdiction.
DISMISSED.
LAMBERT and EDWARDS, JJ., concur.

. Appellees’ trial counsel withdrew from representation on October 2, 201,3.

. We do not address whether the wrongful-act doctrine applied in this case. We only discuss the doctrine here to show that the trial court denied damages in the final judgment, and Appellants cannot raise and appeal the issue in a motion for fees.