## MAC'S CAR CITY, INC. *v.* AMERICAN NATIONAL BANK ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 0414022
HARTFORD-NEW BRITAIN AT NEW BRITAIN

Memorandum filed March 24, 1986

*John V. Zisk,* for the plaintiff.
*Evans & Baldwin,* for the defendants.

WAGNER, J. On April 7, 1980, the plaintiff, Mac's Car City, Inc. (Mac's), made a promissory note due July 7, 1980, to the named defendant, American National Bank (ANB), to secure an $18,000 loan. Payment not having been made on the specified date, ANB brought suit against Mac's. On July 28, 1980, ANB sought and was granted a prejudgment attachment against Mac's real estate. Counsel for Mac's filed an appearance but took no further action. On October 16, 1980, the court, *Mancini, J.,* granted a motion for default against Mac's. On December 1, 1980, the court, *Mancini, J.,* rendered a default judgment against Mac's and awarded ANB damages and costs. Mac's paid the full amount of this judgment on December 8, 1980.

On July 11, 1983, Mac's brought this action against ANB, alleging that the parties had made an oral agreement to renew the promissory note on July 22, 1980, and that ANB had breached the new agreement by having brought suit on the note. Paul Orcutt, vice president of ANB, was also made a defendant in this action. The complaint is in two counts, the first alleging vexatious litigation by both defendants and the second alleging breach of contract by both defendants.

On May 25, 1985, the defendants moved for summary judgment against the plaintiff on both counts. The court, *O'Neill, J.,* granted the motion as to the defendant Orcutt and granted the motion on count one as to ANB. The court denied the motion for summary judgment on the second count as to ANB on the ground that ANB had not presented sufficient facts to support granting the motion on the breach of contract count.

ANB now seeks to renew its motion for summary judgment as to count two and has submitted additional supporting documentation.

As a threshold issue, the plaintiff contends that since the motion for summary judgment on the second count was previously denied as to ANB, that defendant should

be precluded from raising it again. We have not been able to find a Connecticut case which has addressed this narrow issue. Since this state's summary judgment procedure was modeled after Federal Rules of Civil Procedure 56, however, federal cases are useful as precedents. *Plouffe* v. *New York, New Haven & Hartford Railroad Co.,* 160 Conn. 482, 487, 280 A.2d 359 (1971). The federal courts have permitted the filing of successive motions for summary judgment. *Allstate Finance Corporation* v. *Zimmerman,* 296 F.2d 797, 799 (5th Cir. 1961). We find no bar for this court to consider a second motion for summary judgment.

Summary judgment is appropriate when the documents submitted demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984).

ANB asserts that summary judgment should be granted because the default judgment rendered against Mac's in the prior action is res judicata on this claim in this case.

A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata even if obtained by default. *Slattery* v. *Maykut,* 176 Conn. 147, 157, 405 A.2d 76 (1978). The prior judgment is a bar with respect to any claims which were actually made or which might have been made. *Wade's Dairy, Inc.* v. *Fairfield,* 181 Conn. 556, 560–61, 436 A.2d 24 (1980). In the present action, the parties and the subject matter (the promissory note) are the same as in the 1980 case. If the oral contract to renew the promissory note was made on July 22, 1980, as alleged, that renewal could have been raised as a defense to ANB's attachment and suit on the note. No such defense was raised, nor any other opposing action taken. The entry of a default constitutes a judicial

admission of the truth of all facts alleged in the pleadings. *DeBlasio* v. *Aetna Life & Casualty Co.,* 186 Conn. 398, 400, 441 A.2d 838 (1982). This court concludes that the 1980 default judgment is res judicata with respect to the present action and that ANB's motion for summary judgment should be granted.