[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENTMARTHA O'HARA
This suit arises out of occurrences at a state college several years ago. These pro se plaintiffs have filed several actions in Federal and State Court. In this file, as in all other files, the basis of the claims made by the plaintiffs are the allegedly false and defamatory statements made by this defendant, O'Hara, and others during a hearing before the Academic Freedom Committee Hearing in 1986. In the second revised complaint the plaintiffs seem to concede that Ms. O'Hara left the State in 1988 so any complaints concerning the replication and recirculation of these statements would be limited to that date.
In June of 1995, the defendant O'Hara filed a motion for summary judgment claiming the plaintiff's claims were barred by judgments rendered in two federal actions (1986) cases, N-86-302 and H 86-51) under the doctrine of res judicata. A supplemental memorandum was filed based on the claim that a release signed by Mehta barred his claim. The Court granted the motion as to Mehta but denied it as to Narumanchi.
A second motion for summary judgment was filed on September 20, 1995 by Ms. O'Hara on the grounds that because an appeal was filed in the two federal actions the prior pending action doctrine barred the state claim. The motion was denied and according to the defendant O'Hara the basis of the court's decision was that under out practice a party may only file one motion for summary judgment.
The defendant O'Hara now files a third motion for summary judgment claiming Narumanchi's claims are barred by the March 20, 1996 ruling of the Second Circuit Court of Appeals which affirmed the granting of O'Hara's motion for summary judgment by the district court in N90-250 (Narumanchi's claims against O'Hara in H86-51 were dismissed with prejudice).
(1)
The first issue to be decided is whether successive motions for summary judgment should be heard. Apparently, whether or not successive motions should be heard lies within the trial court's discretion. In Mac's Car City v. American National Bank et al
CT Page 794840 Conn. Sup. 467 (1986) successive motions were allowed. The Court noted our rules of practice as to summary judgment were modeled on federal practice and that practice permits successive motions. On appeal the Supreme Court said a trial court can exercise its discretion to hear a renewed motion for summary judgment that has been denied: "where . . . additional or new evidence has been submitted which was not before the court in ruling upon the earlier motion for summary judgment." 205 Conn. 255, 262 (1987). This court will consider this third motion for summary judgment. The court could not find in this voluminous file any memorandums of decision on the prior summary judgment motion. The second motion's theory was not based on a res judicata claim, and the res judicata claim here is amplified beyond the res judicata claim made in the first motion because of the decision of the Second Circuit. At the time the first motion for summary judgment was before the court, the district court had vacated its final judgment in H-90-250. It is difficult to see how the courts could have granted the motion in res judicata grounds under those circumstances.
Also, since one of the prime purposes of recognizing a res judicata claim is to avoid putting parties through the expense and time of relitigating matters already ruled upon, it would be rather odd to not hear a renewed claim of res judicata where there is a colorable basis for its validity and counsel is not using the procedure to harass its opponent. There is no evidence of that here. The question before the court is a legal one that would have to be decided by some trial court at some point in this litigation so it would seem advantageous to both sides to deal with it at this time.
(2)
"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made", Connecticut WaterV. Beausoleil, 204 Conn. 38, 43 (1987). A party should not be able to relitigate a matter which it has had an opportunity to relitigate. Orselet v. Dematteo, 206 Conn. 42, 544-545 (1988): "The doctrine is but a manifestation of the recognition that endless litigation leads to confusion and chaos" a comment appropriate to the present proceedings, also see Corey v. AvcoLycoming Division, 163 Conn. 309, 316-317 (1973). CT Page 7949
The defendant is correct in noting that to determine whether the doctrine is triggered because an action involves the same claim as an earlier action, our court has adopted a transactional test are the facts related in time, space, or motivation, do they form a convenient trial unit? To arrive at these determinations the trial court must "compare the complaint in the second action with the pleadings and judgment in the earlier action.", id. Pp. 189-190.
The Court has compared the complaint in H-90-250 and the pleadings in this case. The complaint against O'Hara in H-90-250 centers on her statements before the Academic Committee and the "perjuries" she along with others allegedly committed. Based on this allegation various federal statutory claims for relief are made. The second amended complaint in this case is based on the same allegedly false and perjurious statements and makes state claims arising out of the same defamation.
The same cause of action is involved. The same group of facts is alleged as a basis for the various theories of recovery; as said in the Corey case: "if the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made", 163 Conn. At p. 137.
The claims made in the present state action could have been made in the Federal action. Given the related nature of all possible claims and the same factual basis this would appear to have been an appropriate case for the exercise of ancillary and pendent claim jurisdiction by the federal district court. The state and federal claims appear to derive from a common nucleus of operative fact and are so related that a plaintiff would ordinarily be expected to try them together. UMW v. Gibbs, 383 U.S. 715,725 (1965).
The language of Title 28 § 1367 is even more mandatory thanGibbs in requiring the district courts to hear such claims and none of the exceptions set forth in subsection (c) of the United States Code applies.
Final judgment on the merits of all the federal actions have been entered. That being the case it is appropriate to grant the defendant O'Hara's motion and the court grants her motion for summary judgment. CT Page 7950
CORRADINO, J.