[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS
This matter arises out of a mid air collision of two Australian Army S-70-9 blackhawk helicopters in Townsville, Australia on or about June 12, 1996 at or about 6:45 p.m. The plaintiffs are the following: Mark C. Durkin (Durkin) as administrator, cum testamento annexo (c.t.a.),[1] of the estate of Andrew Constantinidis, Durkin as administrator, c.t.a., of the estate of Mihran Avedissian, Durkin as administrator, c.t.a., of the estate of Michael Colin Baker, Durkin as administrator, c.t.a., of the estate of Michael John Bird, Durkin as administrator, c.t.a., of the estate of Hugh William Ellis, Durkin as administrator, c.t.a., of the estate of Glen Donald Hagan, Durkin as administrator, c.t.a., of the estate of Kelvin James Hales, Durkin as administrator, c.t.a., of the estate of Timothy John McDonald, Durkin as administrator, c.t.a., of the estate of Darren Robert Oldham, Durkin as administrator, c.t.a., of the estate of Hendrik Peeters, Durkin as administrator, c.t.a., of the estate of Darren John Smith, Durkin as administrator, c.t.a., of the estate of Brett Stephen Tombs, Durkin as administrator, c.t.a., of the estate of David Andrew Johnstone. Additional plaintiffs are the following: Kim Constantinidis, Deanne Bird, Marie Louise Ellis, Katherine Satchell, Bronwyn Green, Karen Louise Knight, Berenice Bridget Peeters, Gaye CT Page 9204 Suzanne Tombs, Gerard Bampton, Dominic Boyle, Carolyn Margaret Boyle, John Joseph Fraser, Gary John Proctor, Marilyn Susan Proctor, Glen Robert Sutton, and Tracey Anne Bampton (collectively the plaintiffs). The plaintiffs allege that defects in night vision goggles and the blackhawk helicopters caused the collision. As such, the plaintiffs bring product liability claims pursuant to General Statutes § 52-572 et. seq. for the alleged defects in the night vision goggles against the following defendants: Intervac, Inc. (Intervac), Litton Industries, Inc. (Litton), ITT Industries, Inc. (ITT), Hoffman Engineering Corporation (Hoffman), Raytheon Optical Systems, Inc. (Raytheon) and Gentex Corporation (Gentex). Additionally, the plaintiffs bring product liability claims pursuant to General Statutes § 52-572 et. seq. for the alleged defects in the blackhawk helicopters against the defendant, United Technologies Corporations (U.T.C.). The plaintiffs further seek punitive damages against all defendants pursuant to General Statutes § 52-240b.
Intervac[2], Litton, ITT, Hoffman, Raytheon, Gentex, and U.T.C. (collectively the defendants) filed motions to dismiss on the ground of forum non conveniens. Pursuant to Practice Book § 10-30, the plaintiffs objected to the motions of Litton, Hoffman, Gentex, Intervac and U.T.C. on the ground that they filed their motions to dismiss more than 30 days after filing appearances.[3] Pursuant to Practice Book § 10-32, the plaintiffs further objected to the motions of Hoffman, Gentex and Raytheon on the ground that they waived their rights to file motions to dismiss by filing requests to revise. Lastly, the plaintiffs objected to the motions of the defendants on the ground that the doctrine of forum non conveniens does not bar the present action.
The provisions of Practice Book §§ 10-30[4] and 10-32[5]
are not applicable to the present motions to dismiss for forum non conveniens. "The common law doctrine of forum non conveniens . . . does not contest the court's jurisdiction, venue, or insufficiency of process within the meaning of [Practice Book §§] 10-30 and 10-32 [formerly 142 and 144]." (Citation omitted; internal quotation marks omitted.) Schwartz v. Bitter End Yacht Club International, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 398306 (May 18, 1998, Zoarski, J.); see also Maietta v. Howard Johnson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144273 (May 17, 1995, D'Andrea, J.) ("Regarding forum non conveniens, however, it has been held that the thirty day limitation does not apply."). Here, the motions to dismiss for forum non conveniens do not invoke Practice Book §§ 10-30 and 10-32. Accordingly, the court need not address whether the motions to dismiss filed by Hoffman, Gentex and Raytheon violated Practice Book §§ 10-30 or 10-32.
The defendants argue that the court should dismiss the present matter CT Page 9205 on the ground of forum non conveniens because Australia is a more appropriate forum. "[T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiffs chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." (Internal quotation marks omitted.) Picketts v. InternationalPlaytex, Inc., 215 Conn. 490, 501, 576 A.2d 518 (1990). In deciding a forum non conveniens motion, the court must decide if an adequate alternative forum exists and then balance the various public and private interests if an adequate alternative forum exists. See Miller v. UnitedTechnologies Corp., 40 Conn. Sup. 457, 460, 515 A.2d 390 (1986).
The court holds that Australia is an adequate forum for the present matter. For the foreign jurisdiction to be an adequate forum, "the defendant[s] must be amenable to process in the other jurisdiction. . . . Ordinarily, if a defendant is amenable to process, then the court can end its inquiry and make a finding that there is an adequate alternative forum. . . . The court may, however, review the substantive and procedural differences between the two forums." Miller v. UnitedTechnologies Corp., supra, 40 Conn. Sup. 461. Here, the defendants agreed to submit to the jurisdiction of the Australian courts if the court dismisses the present action for forum non conveniens. Accordingly, the court finds the defendants are amenable to process in Australia. See id., 462 (finding defendants amenable to process in foreign jurisdiction because filing forum non conveniens motion indicated willingness to submit to foreign jurisdiction).
The court further holds that the substantive and procedural differences between Australia and Connecticut law fail to make Australia an inadequate forum. The plaintiffs argue that Australian law is inadequate because "`it is likely that the legal costs of prosecuting the case to trial in Queensland would exceed the realistic, potential recovery should the action be successful.'" (Plaintiffs memorandum of law in opposition, p. 10). As a result, the plaintiffs argue that they will be unable to retain counsel to try their case especially with the lack of contingency fee agreements in Australia. A lack of monetary compensation available under Australian law, however, does not render it an inadequate forum. See Capital Currency Exchange, N.V. v. National Westminster Bank, PLC,155 F.3d 603, 610 (2nd Cir. 1998), cert. denied, 526 U.S. 1067,119 S.Ct. 1459, 143 L.Ed.2d 545 (1999) (holding unavailability of additional monetary damages fails to render forum inadequate); Murray v. BritishBroadcasting Corp., 81 F.3d 287, 292 (2nd Cir. 1996) ("Balancing the plaintiffs financial burdens as one of several relevant factors serves the "repeatedly emphasized . . . need to retain flexibility' in the application of the forum non conveniens doctrine.") (Emphasis in CT Page 9206 original.). Moreover, "[i]f the lack of a contingent-fee system were held determinative, then a case could almost never be dismissed because contingency fees are not allowed in most foreign forums." (Internal quotation marks omitted.) Murray v. British Broadcasting Corp., supra, 81 F.3d 292; see also Miller v. United Technologies Corp., supra, 40 Conn. Sup. 463 (holding "lack of contingency fees is not an insurmountable barrier to filing claims abroad."). Accordingly, the court holds that Australia is an adequate forum.
Nevertheless, the court holds that the private interest factors favor Connecticut as a forum. "The private interests factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the possibility of viewing the accident scene if such viewing is appropriate to the action; (4) the enforceability of a judgment; (5) the relative advantages and obstacles to fair trial; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive." Miller v. United TechnologiesCorp., supra, 40 Conn. Sup. 463. "[T]he trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiffs chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion. When, as in the present action, the plaintiffs are foreign to their chosen forum, the trial court must readjust the downward pressure of its thumb, but not remove it altogether from the plaintiffs' side of the scale. Even though the plaintiffs' preference has a diminished impact because the plaintiffs are themselves strangers to their chosen forum. . . . Connecticut continues to have a responsibility to those foreign plaintiffs who properly invoke the jurisdiction of this forum . . . especially in the somewhat unusual [situation where] it is the forum resident who seeks dismissal." (Citations omitted; internal quotation marks omitted.) Picketts v. International Playtex, Inc., supra,215 Conn. 501-02.
Applied here, the court still must give the foreign plaintiffs' choice of the Connecticut forum deference. See Picketts v. InternationalPlaytex, Inc., supra, 215 Conn. 501-02; Betensky v. Opcon Associates, Inc., 46 Conn. Sup. 110, 120, 738 A.2d 1171 (1999) (holding Connecticut courts must give substantial deference to foreign plaintiffs' choice of forum even beyond that required by federal courts.) Consequently, the "defendants challenging the propriety of this choice continue to bear the burden to demonstrate why the presumption in favor of [the] plaintiff[s'] choice, weakened though it may be should be disturbed." (Internal quotation marks omitted.) Picketts v. International Playtex, Inc., supra, 215 Conn. 502. CT Page 9207
The plaintiffs argue that this case is foremost a products liability action; therefore, the information concerning the manufacture of the night vision goggles and helicopters is located in the United States where the defendant corporations reside.[6] On the other hand, the defendants argue that human error caused the collision. As a result, the defendants argue that most of the relevant information concerning the case is in Australia where a military board of inquiry conducted an investigation concerning the accident.
The defendants have not overcome the strong presumption of the plaintiffs' choice of forum. Although a trial in Australia would afford a viewing of the accident scene, "[i]n a products liability case, videotapes, pictures, diagrams, schematics and models are more instructive than an actual view." Miller v. United Technologies Corp., supra, 40 Conn. Sup. 465. Moreover, "[t]he advent of videotape allows the premises to be brought to the jury, in lieu of necessitating that the jury be brought to premises." Anderson v. Marriott Hotel Services, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 432587 (April 11, 2000, Alander, J.).
The defendants have not sufficiently established that the key witnesses to the case would be unavailable for trial in Connecticut. "A party seeking to transfer a case . . . for the convenience of witnesses must identify the key witnesses to be called and must make a general statement of what their testimony will cover. . . . The burden is upon it to give the names and locations of potential witnesses and the substance of their testimony. . . . Sufficient information must be included in the affidavits to establish that the named witnesses are key witnesses who need to be called and that their testimony is material." (Citations omitted; internal quotation marks omitted.) Picketts v. InternationalPlaytex, Inc., supra, 215 Conn. 509-10. Here, the defendants allege that the 144 witnesses listed in the military board of inquiry report concerning the accident are necessary witnesses at trial. While the witness list contains cross references to transcripts, it fails to give a statement as to why each of the 144 witnesses would be necessary at trial. The defendants further failed to provide any information as to whether any or all of the witnesses still reside in Australia since the military board finished its report. Additionally, "[i]t is difficult to imagine after Picketts that granting of a forum non conveniens motion would ever be sustained, particularly in light of the Supreme Court's reference to modern technological innovations such as jet airplanes, satellites and videotaped depositions." (Internal quotation marks omitted.) Farley v. Embassy Suites, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 141199 (February 7, 1996, Tobin, J.); see also Anderson v. Marriott Hotel Services, Inc., CT Page 9208 supra, Superior Court, Docket No. 432587 ("[v]ideotaped depositions frequently make corporeal transportation of foreign witnesses unnecessary"); IDV North America, Inc. v. Saronno, Superior Court, judicial district of Hartford at Hartford, Docket No. 058059 (September 9, 1999, Teller, J.) ("accessibility of foreign witnesses. . . . has become significantly less important in light of Picketts v. InternationalPlaytex, Inc., As a result, the court holds "there is no evidence indicating that the difficulties and costs that the defendant may experience in transporting documentary evidence and in compelling unwilling witnesses to testify in Connecticut would be any greater than the difficulties and costs the plaintiffs may experience if litigation occurred in . . . [Australia]." IDV North America, Inc. v. Saronno, supra, Superior Court, Docket No. 058059.
The defendants further argue that private interest factors favor them because trying the case in Connecticut would deprive the defendants of the opportunity to implead third parties who would remain outside of Connecticut's jurisdiction. "[T]he inability to implead other potential wrongdoers s a factor that should be considered in determining whether the chosen forum is so inconvenient that the action should be dismissed. The inability to implead others because they are beyond the jurisdiction of the court burdens a defendant with bringing a separate subsequent action for contribution or indemnification should it be found liable to the plaintiff. The interest of judicial economy also counsels for one action, rather than two, wherever possible. These interests do not trump by themselves the strong presumption favoring a plaintiffs choice of forum. . . . [T]he inability of the defendant to implead others . . . [is] simply one factor that the courts consid[er] when balancing the various private and public interests involved." Anderson v. MarriottHotel Services, Inc., supra, Superior Court, Docket No. 432587. Here, the defendants argue that the negligence of Australian servicemen caused the accident and that "Australia is the only forum where the defendants may seek third-party claims against them, the Australian government, or other parties not yet discovered." (Defendants' reply to plaintiffs' objection to motion to dismiss, p. 17.)
Despite the defendants' inability to implead other defendants, the private interest factors favor Connecticut as a forum. The foreign plaintiffs' choice of forum, albeit diminished, still deserves substantial deference. See Picketts v. International Playtex, Inc., supra,215 Conn. 511-12 (holding private interest factors did not "overcome the presumption afforded the [foreign] plaintiffs' chosen forum."); Betensky v. Opcon Associates, Inc., supra, 46 Conn. Sup. 120 (finding noteworthy that the Picketts court held that the plaintiffs choice of forum is the ""central principle of the forum non conveniens doctrine"' in a case involving foreign plaintiffs). Here, while the defendants' inability to CT Page 9209 implead third party defendants is a hindrance, the defendants have not established that access to witnesses and evidence is substantially greater in Australia than Connecticut. As a result, the defendants have not met their burden of demonstrating that having a trial in Connecticut would be substantially inconvenient thereby overcoming the presumption of the plaintiffs' choice of forum. Accordingly, the court holds the private interest factors favor Connecticut.
The court finds the public interest factors favor Australia. "The public interest factors include: (1) administrative difficulties for the courts, i.e., court congestion and the court's familiarity with the applicable law; (2) imposing the burden of jury duty on a people of a community with no relation to the litigation; (3) holding trial in the view of interested persons; and (4) having matters decided in their local forum." Miller v. United Technologies Corp., supra, 40 Conn. Sup. 466.
With respect to the first public interest factor, "the mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort which would justify the dismissal of a case otherwise properly before [it]. . . . Connecticut courts are quite capable of applying foreign law when required to do so and it would be improper to invoke the doctrine of forum non conveniens solely to avoid a choice of law analysis." (Citation omitted; internal quotation marks omitted.) Picketts v. International Playtex, Inc., supra, 215 Conn. 512. Additionally, neither the plaintiffs nor the defendants offered information concerning the congestion of the court systems in Australia or Connecticut. Accordingly, the court finds that the first public interest factor favors neither the plaintiffs nor the defendants.
"The remaining public interest factors pertain to having issues decided in their local forum in front of interested persons." Miller v. United Technologies Corp., supra, 40 Conn. Sup. 466. Here, the accident occurred in Australia and involved Australian residents, and all the plaintiffs in this action are Australian residents. As a result, Australian residents have a considerable interest in this case. While Connecticut residents have an interest in assuring that corporations manufacture safe products, the interests of Connecticut residents are not as substantial as the interests of Australian residents. Accordingly, the court finds that the public interest factors favor Australia.
Even though public interest factors favor Australia, the private
interest factors favor Connecticut. The private interest factors, however, outweigh the public interest factors. See Picketts v.International Playtex, Inc., supra, 215 Conn. 501 ("The trial court does not have `unchecked discretion to dismiss cases from a plaintiffs chosen forum simply because another forum, in the court's view, may be superior CT Page 9210 to that chosen by the plaintiff.'"); Miller v. United TechnologiesCorp., supra, 40 Conn. Sup. 467 (holding Connecticut appropriate forum even when public interest factors favored foreign forum). Thus, the court holds that Connecticut is an appropriate forum for this present matter. Accordingly, the court denies the defendants' motions to dismiss on the ground of forum non conveniens.
So Ordered.
D'ANDREA, J.